## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KENNETH S. MITCHELL,

                Plaintiff,

      v.

WACHOVIA CORPORATION, t/a
    WACHOVIA SECURITIES,
WACHOVIA SECURITIES, L.L.C.,
WACHOVIA SERVICES, INC.,
WACHOVIA BANK OF DELAWARE, N.A.,
TODD D. GAUTHIER, LYNN G. MEYER,
CAROLYN J. BEAM, and
DOROTHY A. DIFEBO,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action No. 06-725 (GMS)

## DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendants Wachovia Corporation; Wachovia Securities, LLC; Wachovia Services, Inc. (which merged into Wachovia Shared Resources, LLC, effective January 1, 2006); Wachovia Bank of Delaware, N.A. (the "Corporate Defendants"); Todd D. Gauthier ("Gauthier"); Lynn G. Meyer ("Meyer"); Carolyn J. Beam ("Beam"); and Dorothy A. DiFebo ("DiFebo") (the "Individual Defendants") (collectively, "Defendants"), by and through their attorneys, Morris James LLP and Seyfarth Shaw LLP, answer the Complaint of plaintiff Kenneth S. Mitchell ("Plaintiff"), dated December 1, 2006, as follows:

## THE PARTIES

1.     Defendants admit, upon information and belief, the allegations in paragraph 1 of the Complaint.

1535349/1

2.      Defendants deny each and every allegation in paragraph 2 of the Complaint, except admit that Wachovia Corporation is incorporated in the State of North Carolina, is licensed to do business in the State of Delaware, and provides financial services, and avers that Wachovia Securities, LLC came into existence as of July 1, 2003 as the result of a joint venture between Wachovia Corporation and Prudential Financial, Inc., and is a limited liability company formed under the laws of the State of Delaware.

3.      Defendants deny each and every allegation in paragraph 3 of the Complaint, except admit that Wachovia Securities, LLC is a limited liability company formed under the laws of the State of Delaware, and is licensed to do business in the State of Delaware.

4.      Defendants deny each and every allegation in paragraph 4 of the Complaint, and aver that, effective January 1, 2006, Wachovia Services, Inc. merged into Wachovia Shared Resources, LLC, which is a limited liability company formed under the laws of the State of Delaware.

5.      Defendants deny each and every allegation in paragraph 5 of the Complaint, except admit that Wachovia Bank of Delaware, N.A. is a subsidiary of Wachovia Corporation, and does business in the State of Delaware.

6.      No response is required to the allegations in paragraph 6 of the Complaint.

7.      Gauthier denies each and every allegation in paragraph 7 of the Complaint, except admits that he resides at 2660 Bethany Church Road, Alpharetta, Georgia 30004, and avers that, until May 2005, he held the title of Regional Sales Manager – Investment Services Group ("ISG") for Wachovia Securities, LLC, and was responsible for a region including part of Chester County and all of Delaware County in Pennsylvania and the entire State of Delaware, where Plaintiff worked.

2

8.      Meyer denies each and every allegation in paragraph 8 of the Complaint, except admits that she resides at 125 Bells Walk Court, Holly Springs, North Carolina 27540, and avers that, until August 2003, she held the position of Retail Banking Director for the "Del-Chester" Region (Chester and Delaware Counties in Pennsylvania and the entire State of Delaware), further avers that she is now Retail Banking Director for the Central North Carolina region.

9.      Beam denies each and every allegation in paragraph 9 of the Complaint, except admits that she resides at 9 Sadsbury Lane, Gap, Pennsylvania 17527, and avers that she held the position of Financial Services Leader for Wachovia until September 2005.

10.      DiFebo denies each and every allegation in paragraph 10 of the Complaint, except admits that she resides at 17 Champlain Avenue, Wilmington, Delaware 19804, and avers that she held the position of Financial Center Manager of the Prices Corner branch in Wilmington, Delaware.

## JURISDICTION AND VENUE

11.      The allegations in paragraph 11 of the Complaint constitute legal conclusions as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation in paragraph 11 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. §§ 1981, 1985, 1986, 1988 and 2000e.

12.      The allegations in paragraph 12 of the Complaint constitute legal conclusions as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation in paragraph 12 of the Complaint, except admit that Plaintiff purports to identify this Court as the proper venue.

1535349/1

## WACHOVIA'S STRUCTURE AND EMPLOYEES

13.    Defendants deny each and every allegation in paragraph 13 of the Complaint, except admit that Plaintiff was hired by Wachovia Securities, LLC as a Financial Advisor in August 2002, and that he was assigned to the Capitol Trail and Prices Corner branches, which are located on Kirkwood Highway in Delaware, and admit, upon information and belief, that Plaintiff is African-American.

14.    Defendants deny each and every allegation in paragraph 14 of the Complaint, except admit that the Prices Corner branch is larger than the Capitol Trail branch.

15.    Defendants deny each and every allegation in paragraph 15 of the Complaint.

16.    Defendants deny each and every allegation in paragraph 16 of the Complaint.

17.    Defendants deny each and every allegation in paragraph 17 of the Complaint, and aver that Plaintiff was a Financial Advisor at Wachovia Securities, LLC, and, among other things, provided financial advice and brokerage services.

18.    Defendants deny each and every allegation in paragraph 18 of the Complaint, except admit that Gauthier maintained an office in Philadelphia, Pennsylvania, and aver that Gauthier was Regional Sales Manager – ISG until May 2005, and was responsible for the region in which Plaintiff worked.

19.    Defendants deny each and every allegation in paragraph 19 of the Complaint, and aver that Meyer was Retail Banking Director for the "Del-Chester" Region until August 2003, and was responsible for the region in which Plaintiff worked.

20.    Defendants deny each and every allegation in paragraph 20 of the Complaint, and aver that Beam was a Financial Services Leader working at Wachovia's Prices Corner branch until September 2005, that until August 2003 Meyer was the Retail Banking Director in the

4

"Del-Chester" Region in which Beam worked, and that Ladan Amini ("Amini") was a Financial Specialist in the Prices Corner branch, where Plaintiff was assigned until December 2004.

21.    Defendants deny each and every allegation in paragraph 21 of the Complaint, and aver that DiFebo was a Financial Center Manager at Wachovia's Prices Corner branch.

22.    Defendants deny each and every allegation in paragraph 22 of the Complaint, and aver that Amini was a Financial Specialist at Wachovia's Prices Corner branch, which was managed by DiFebo, and that, from time to time, Amini referred clients to Wachovia Financial Advisors, including Plaintiff, for financial advice and brokerage services.

23.    Defendants deny each and every allegation in paragraph 23 of the Complaint, except admit, upon information and belief, that Plaintiff was the only African-American male Financial Advisor working in Wachovia's ISG business channel in the State of Delaware.

24.    Defendants deny each and every allegation in paragraph 24 of the Complaint, except admit that DiFebo managed the Prices Corner branch, and deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that he "worked exclusively with female employees with respect to his interactions with Wachovia's banking section."

## DISCRIMINATORY AND HOSTILE WORK ENVIRONMENT

25.    Defendants deny each and every allegation in paragraph 25 of the Complaint, except admit that Plaintiff began working as a Financial Advisor at the Prices Corner and Capitol Trail branches in August 2002, providing financial advice and brokerage services to customers, and that Plaintiff obtained referrals from Amini, from time to time, among other sources.

26.    Defendants deny each and every allegation in paragraph 26 of the Complaint, except admit that Financial Advisors were expected to achieve certain production goals and that the amount of client assets at a particular branch may impact production goals.

5

27.    Defendants deny each and every allegation in paragraph 27 of the Complaint, except admit that Plaintiff occasionally met or exceeded his production goals during his career as a Financial Advisor; admit, upon information and belief, that Plaintiff may have ranked as high as No. 3 among Financial Advisors in his region at some point in his career; and deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that he was "motivated, working hard, and looking forward to a bright and successful future with Wachovia."

28.    Defendants deny each and every allegation in paragraph 28 of the Complaint, except admit, upon information and belief, that Plaintiff was the only African-American male Financial Advisor working in Wachovia's ISG business channel in the State of Delaware, and deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation as to what he "perceived" at the Prices Corner branch.

29.    Defendants deny each and every allegation in paragraph 29 of the Complaint.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, except admit that, from time to time, Amini referred clients to Plaintiff to discuss investment opportunities.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and admit, upon information and belief, that there was a disagreement between Plaintiff and Amini on or about June 20, 2003.

32.    Defendants deny each and every allegation in paragraph 32 of the Complaint, except admit, upon information and belief, that Plaintiff and Amini had a dispute regarding annuities in or around June 2003, and deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding the specifics of this dispute.

6

33.     Defendants deny each and every allegation in paragraph 33 of the Complaint, and Meyer avers that she spoke with Plaintiff regarding his dispute with Amini on or about June 20, 2003.

34.     Defendants deny each and every allegation in paragraph 34 of the Complaint, except Meyer admits that she may have spoken with Frank Consalo ("Consalo") regarding Plaintiff's conduct, Gauthier admits that he spoke with Plaintiff on or about July 16, 2003, and Defendants admit that Plaintiff reported to Gauthier and Gauthier reported to Consalo.

35.     Defendants deny each and every allegation in paragraph 35 of the Complaint, except Gauthier admits that he spoke with Plaintiff on or about July 16, 2003 regarding an allegation that Plaintiff had made an inappropriate comment regarding "9/11"; Beam admits that she discussed the allegation with Gauthier and avers that she initially learned of the allegation from Amini; DiFebo admits that she discussed the allegation with Beam; and Defendants admit, upon information and belief, that Amini is "an individual of Iranian descent."

36.     Defendants deny each and every allegation in paragraph 36 of the Complaint, except admit that Amini later said that she did not recall exactly what Plaintiff said.

37.     Defendants deny each and every allegation in paragraph 37 of the Complaint, except admit that Marti Michalec ("Michalec") conducted an investigation regarding the inappropriate comment allegedly made by Plaintiff and contacted Plaintiff in the course of that investigation.

38.     Defendants deny each and every allegation in paragraph 38 of the Complaint, except Gauthier and Beam admit that they met with Plaintiff on or about July 31, 2006, and Gauthier admits that he apologized to Plaintiff for any misunderstanding regarding Plaintiff's alleged inappropriate comment.

1535349/1

39.     Defendants deny each and every allegation in paragraph 39 of the Complaint, except Gauthier admits that he spoke with Plaintiff on or about August 5, 2006 regarding Plaintiff's alleged inappropriate comment.

40.     Defendants deny each and every allegation in paragraph 40 of the Complaint, except admit that Michalec spoke with Plaintiff regarding Plaintiff's alleged inappropriate comment.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, except admit, upon information and belief, that Plaintiff had good relationships with the personnel at the Capitol Trail branch.

42.     Defendants deny each and every allegation in paragraph 42 of the Complaint, except Gauthier admits that he met with Plaintiff on or about September 4, 2003.

43.     Defendants deny each and every allegation in paragraph 43 of the Complaint, except admit that, at times, Amini was the only Financial Specialist working at the Prices Corner branch and that Financial Advisor compensation is linked to production.

44.     Defendants deny each and every allegation in paragraph 44 of the Complaint, except Gauthier admits that he and Consalo spoke with Plaintiff in or around September 2003 regarding various opportunities at Wachovia, including an opportunity in Wealth Management.

45.     Defendants deny each and every allegation in paragraph 45 of the Complaint, except Gauthier admits that he spoke with Plaintiff in or around October 2003 and apologized to him for any misunderstanding regarding Plaintiff's alleged inappropriate comment.

46.     Defendants deny each and every allegation in paragraph 46 of the Complaint, except Gauthier admits that he and Consalo spoke with Plaintiff in or around October 2003 regarding opportunities within Wachovia.

8

47.     Defendants deny each and every allegation in paragraph 47 of the Complaint, except admit that Plaintiff spoke with a Human Resources representative on or about October 31, 2003.

48.     Defendants deny each and every allegation in paragraph 48 of the Complaint, except admit that Human Resources issued a letter to Plaintiff on or about November 17, 2003, and refer the Court to that letter for its true and complete contents.

49.     Defendants deny each and every allegation in paragraph 49 of the Complaint, except admit that Plaintiff continued to work with DiFebo and Amini and that the Prices Corner branch was larger than the Capitol Trail branch, and admit, upon information and belief, that Plaintiff experienced no problems at the Capitol Trail branch.

50.     Defendants deny each and every allegation in paragraph 50 of the Complaint, except admit that in 2004 Wachovia considered assigning each Financial Advisor to a single Bank branch, and deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that he "wished" to remain at the Prices Corner branch.

51.     Defendants deny each and every allegation in paragraph 51 of the Complaint, except Defendants admit that additional office space became available in the Prices Corner branch in or around November 2004, and Gauthier admits that he advised Plaintiff in or around December 2004 that he would no longer be assigned to the Prices Corner branch.

52.     Defendants deny each and every allegation in paragraph 52 of the Complaint, except admit that James Meehan, a white male, was assigned to be a Financial Advisor at the Prices Corner branch in or around December 2004.

53.     Defendants deny each and every allegation in paragraph 53 of the Complaint, except admit that Plaintiff worked exclusively at the Capitol Trail branch following his transfer

9

from Prices Corner, and admit, upon information and belief, that Plaintiff had good relationships with the personnel at the Capitol Trail branch.

54.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, except admit, upon information and belief, that Plaintiff sought counseling.

55.    Defendants deny each and every allegation in paragraph 55 of the Complaint, except admit that Plaintiff failed to meet his production goals for 2005 and 2006, and aver that Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission on or about February 1, 2005.

56.    Defendants deny each and every allegation in paragraph 56 of the Complaint, except Beam admits that she no longer works for Wachovia, and Gauthier admits that he transferred from his position as Regional Sales Manager – ISG in Philadelphia, Pennsylvania to work as a Financial Advisor in Biloxi, Mississippi in or around June 2005.

57.    Defendants deny each and every allegation in paragraph 57 of the Complaint, except admit that the Capitol Trail branch closed in or around October 2006 and Plaintiff transferred to the nearby Meadowood branch.

58.    Defendants deny each and every allegation in paragraph 58 of the Complaint, except admit that the Financial Center Manager of the Meadowood branch is an African-American woman.

## REQUISITES

59.    The allegations in paragraph 59 of the Complaint constitute legal conclusions as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation in

paragraph 59 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2000e(g) and (h).

60.     The allegations in paragraph 60 of the Complaint constitute legal conclusions as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, Defendants deny each and every allegation in paragraph 60 of the Complaint, except admit that Plaintiff filed a charge of discrimination on February 1, 2005 and EEOC issued a Dismissal and Notice of Suit Rights on or about September 20, 2006.

61.     Defendants admit the allegations in paragraph 61 of the Complaint.

**COUNT I:  Discrimination (Title VII, 42 U.S.C. § 2000e *et seq.* and 19 Del. C. § 710 *et seq.*)**

62.     With regard to the allegations in paragraph 62 of the Complaint, Defendants repeat and reallege and incorporate herein by reference the foregoing responses to paragraphs 1 through 61 of the Complaint.

63.     Defendants deny each and every allegation in paragraph 63 of the Complaint.

64.     Defendants deny each and every allegation in paragraph 64 of the Complaint.

65.     Defendants deny each and every allegation in paragraph 65 of the Complaint.

66.     Defendants deny each and every allegation in paragraph 66 of the Complaint.

67.     Defendants deny each and every allegation in paragraph 67 of the Complaint.

**COUNT II:  Retaliation (Title VII, 42 U.S.C. § 2000e *et seq.* and 19 Del. C. § 710 *et seq.*)**

68.     With regard to the allegations in paragraph 68 of the Complaint, Defendants repeat and reallege and incorporate herein by reference the foregoing responses to paragraphs 1 through 67 of the Complaint.

69.     Defendants deny each and every allegation in paragraph 69 of the Complaint.

70.     Defendants deny each and every allegation in paragraph 70 of the Complaint.

1535349/1

71.    Defendants deny each and every allegation in paragraph 71 of the Complaint.

72.    Defendants deny each and every allegation in paragraph 72 of the Complaint.

73.    Defendants deny each and every allegation in paragraph 73 of the Complaint.

### COUNT III:  Violation of Equal Rights Under the Law (42 U.S.C. § 1981)

74.    With regard to the allegations in paragraph 74 of the Complaint, Defendants repeat and reallege and incorporate herein by reference the foregoing responses to paragraphs 1 through 73 of the Complaint.

75.    Defendants deny each and every allegation in paragraph 75 of the Complaint.

76.    Defendants deny each and every allegation in paragraph 76 of the Complaint.

77.    Defendants deny each and every allegation in paragraph 77 of the Complaint.

### COUNT IV:  Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

78.    With regard to the allegations in paragraph 78 of the Complaint, Defendants repeat and reallege and incorporate herein by reference the foregoing responses to paragraphs 1 through 77 of the Complaint.

79.    Defendants deny each and every allegation in paragraph 79 of the Complaint.

80.    Defendants deny each and every allegation in paragraph 80 of the Complaint.

81.    Defendants deny each and every allegation in paragraph 81 of the Complaint.

### COUNT V:  Neglect or Refusal to Prevent Conspiracy (42 U.S.C. § 1986)

82.    With regard to the allegations in paragraph 82 of the Complaint, Defendants repeat and reallege and incorporate herein by reference the foregoing responses to paragraphs 1 through 81 of the Complaint.

83.    Defendants deny each and every allegation in paragraph 83 of the Complaint.

84.    Defendants deny each and every allegation in paragraph 84 of the Complaint.

85.    Defendants deny each and every allegation in paragraph 85 of the Complaint.

1535349/1

86.     Defendants deny each and every allegation in paragraph 86 of the Complaint.

## COUNT VI:  State Law Tort – Fraud and Deceit

87.     With regard to the allegations in paragraph 87 of the Complaint, Defendants repeat and reallege and incorporate herein by reference the foregoing responses to paragraphs 1 through 86 of the Complaint.

88.     Defendants deny each and every allegation in paragraph 63 of the Complaint.

89.     Defendants deny each and every allegation in paragraph 63 of the Complaint.

90.     Defendants deny each and every allegation in paragraph 63 of the Complaint.

## COUNT VII:  State Law Tort – *Prima Facie* Tort

91.     With regard to the allegations in paragraph 91 of the Complaint, Defendants repeat and reallege and incorporate herein by reference the foregoing responses to paragraphs 1 through 90 of the Complaint.

92.     Defendants deny each and every allegation in paragraph 92(a) through 92(e) of the Complaint.

93.     Defendants deny each and every allegation in paragraph 93 of the Complaint.

## COUNT VIII:  State Law Claim – Conspiracy

94.     With regard to the allegations in paragraph 94 of the Complaint, Defendants repeat and reallege and incorporate herein by reference the foregoing responses to paragraphs 1 through 93 of the Complaint.

95.     Defendants deny each and every allegation in paragraph 95(a) through 95(d) of the Complaint.

96.     Defendants deny each and every allegation in paragraph 96 of the Complaint.

97.     Defendants deny each and every allegation in paragraph 97 of the Complaint.

98.     Defendants deny that Plaintiff is entitled to any of the damages he seeks in paragraphs (1) through (7) of the "Therefore" clause on page 20 of the Complaint.

99.     Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## OBJECTION TO JURY DEMAND

Defendants object to a trial by jury on Plaintiff's equitable claims, claims for back and front pay, and all other issues as to which a jury is not permitted as of right as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses, without undertaking to assume the burden of proof as to any such defense, except as provided by law.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable principles of waiver, laches, and/or estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH DEFENSE

The Corporate Defendants have established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful retaliatory practices by employees in accordance with Title VII; 19 Del. C. § 710 *et seq.*; and 42 U.S.C. §§ 1981, 1985, and 1986.

1535349/1

## SIXTH DEFENSE

Plaintiff cannot establish a violation of Title VII; 19 Del. C. § 710 *et seq.*; and 42 U.S.C. §§ 1981, 1985, or 1986 because he cannot satisfy the elements of such claims.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Corporate Defendants exercised reasonable care to prevent and correct promptly any unlawful discrimination in the workplace, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the Corporate Defendants or to avoid harm otherwise.

## EIGHTH DEFENSE

At all times, Defendants have acted reasonably and in good faith.

## NINTH DEFENSE

All actions taken or omitted by Defendants with respect to Plaintiff were taken or omitted for legitimate nondiscriminatory business reasons.

## TENTH DEFENSE

All actions taken or omitted by Defendants with respect to Plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, or willfulness.

## ELEVENTH DEFENSE

To the extent that Plaintiff's claims sound in negligence, such claims are barred by operation of the Workers' Compensation Law.

## TWELFTH DEFENSE

Plaintiff's own conduct caused, in whole or in part, whatever damages he may have suffered.

1535349/1

## THIRTEENTH DEFENSE

Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate his purported damages.

## FOURTEENTH DEFENSE

Subject to proof through discovery, Plaintiff is precluded, in whole or in part, from recovery of any purported damages because of the after-acquired evidence doctrine.

## FIFTEENTH DEFENSE

Plaintiff is barred, in whole or in part, from recovery of the damages that he seeks because they are not authorized under Title VII; 19 Del. C. § 710 *et seq.*; or 42 U.S.C. §§ 1981, 1985, and 1986.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and Delaware Constitutions and/or by the statutes under which this action purportedly is brought.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because he cannot demonstrate malice or reckless indifference, nor can he impute liability for punitive damages to the Corporate Defendants, because of their good-faith efforts to comply with Title VII; 19 Del. C. § 710 *et seq.*; and 42 U.S.C. §§ 1981, 1985, and 1986.

## EIGHTEENTH DEFENSE

Plaintiff's claims against the Individual Defendants are barred, in whole or in part, because the statutes under which this action purportedly is brought do not permit liability on the part of individual defendants.

1535349/1

### NINETEENTH DEFENSE

Plaintiff's claims for fraud, deceit, *prima facie* tort, and conspiracy are barred, in whole or in part, because they are not pled with the particularity required by Rule 9(b) of the Rules of Civil Procedure for the Superior Court of the State of Delaware and/or Rule 9(b) of the Federal Rules of Civil Procedure.

### TWENTIETH DEFENSE

Plaintiff's claims for fraud, deceit, *prima facie* tort, and conspiracy are barred, in whole or in part, because the statements allegedly made by Defendants were true.

### TWENTY-FIRST DEFENSE

Plaintiff's claims for fraud, deceit, *prima facie* tort, and conspiracy are barred, in whole or in part, because Defendants acted at all times for legitimate business reasons.

### TWENTY-SECOND DEFENSE

Plaintiff's claims against the Corporate Defendants are barred, in whole or in part, because no employment or other legal relationship existed between Plaintiff and certain of the Corporate Defendants.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because no employment or other legal relationship existed between certain of the Individual Defendants and certain of the Corporate Defendants.

17

**WHEREFORE,** Defendants respectfully request judgment dismissing the Complaint in its entirety, and granting them the costs, fees and disbursements in their defense of this action, including their attorneys' fees, together with such other and further relief as this Court may deem just and proper.

MORRIS JAMES LLP


_____
P. Clarkson Collins, Jr. (Del. Bar No. 739)
pcollins@morrisjames.com
David H. Williams (Del. Bar. No. 616)
dwilliams@morrisjames.com
James H. McMackin, III (Del. Bar. No. 4284)
Jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

David B. Ross (admitted *pro hac vice*)
Devjani Mishra (admitted *pro hac vice*)
C. Patrick McMurray (admitted *pro hac vice*)
SEYFARTH SHAW LLP
1270 Avenue of the Americas
New York, NY 10020-1801
(212) 218-5500
Attorneys for Defendants

Dated: February 23, 2007

18

1535349/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KENNETH S. MITCHELL,                                        :

               Plaintiff,                                        :

             v.                                        :       Civil Action No. 06-725 (GMS)

                                  :

WACHOVIA CORPORATION, t/a                                        :
   WACHOVIA SECURITIES,                                        :
WACHOVIA SECURITIES, L.L.C.,                                        :
WACHOVIA SERVICES, INC.,                                        :
WACHOVIA BANK OF DELAWARE, N.A.,                                        :
TODD D. GAUTHIER, LYNN G. MEYER,                                        :
CAROLYN J. BEAM, and                                        :
DOROTHY A. DIFEBO,                                        :

              Defendants.                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEFENDANTS' RULE 7.1 STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendants Wachovia

Corporation; Wachovia Securities, LLC; Wachovia Services, Inc. (which merged into Wachovia

Shared Resources, LLC, effective January 1, 2006); and Wachovia Bank of Delaware, N.A., by

and through their attorneys Morris James LLP and Seyfarth Shaw LLP, hereby state that

Wachovia Corporation, a publicly held company, has no parent corporation, nor is there any

publicly held corporation which owns 10% or more of its stock.  Wachovia Services, Inc. (which

merged into Wachovia Shared Resources, LLC, effective January 1, 2006) and Wachovia Bank

of Delaware, N.A., by and through their counsel, hereby state that Wachovia Corporation is their

parent company.  Wachovia Securities, LLC, by and through its counsel, hereby states that

Wachovia Securities, LLC is not a publicly traded corporation, and discloses that Wachovia

Corporation and Prudential Financial, Inc., each of which is publicly traded, hold ownership

interests in Wachovia Securities, LLC.

MORRIS JAMES LLP

P. Clarkson Collins, Jr. (Del. Bar No. 739)
pcollins@morrisjames.com
David H. Williams (Del. Bar. No. 616)
dwilliams@morrisjames.com
James H. McMackin, III (Del. Bar. No. 4284)
Jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6800

David B. Ross (admitted *pro hac vice*)
Devjani Mishra (admitted *pro hac vice*)
C. Patrick McMurray (admitted *pro hac vice*)
SEYFARTH SHAW LLP
1270 Avenue of the Americas
New York, NY  10020-1801
(212) 218-5500
Attorneys for Defendants

Dated:  February 23, 2007

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH S. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-725 GMS |
| | ) | |
| WACHOVIA CORPORATION, t/a | ) | |
| WACHOVIA SECURITIES, WACHOVIA | ) | |
| SECURITIES, L.L.C., WACHOVIA | ) | |
| SERVICES, INC., WACHOVIA BANK | ) | |
| OF DELAWARE, N.A., TODD D. | ) | |
| GAUTHIER, LYNN G. MEYER, | ) | |
| CAROLYN J. BEAM, and DOROTHY A. | ) | |
| DIFEBO, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF ELECTRONIC FILING

I, James H. McMackin, III, hereby certify that on February 23, 2007, I electronically filed the attached **DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven F. Mones, Esquire
Biggs & Battaglia
921 North Orange Street
Wilmington, DE  19899

P. Clarkson Collins, Jr. (#739)
pcollins@morrisjames.com
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849

David B. Ross (admitted *pro hac vice*)
Devjani Mishra (admitted *pro hac vice*)
C. Patrick McMurray (admitted *pro hac vice*)
SEYFARTH SHAW LLP
1270 Avenue of the Americas
New York, NY  10020-1801
(212) 218-5500
Attorneys for Defendants

Dated:  February 23, 2007