IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------X
:
KENNETH S. MITCHELL, :
:
Plaintiff, :
: Civil Action No. 06-725 (GMS)
v. :
:
WACHOVIA CORPORATION, t/a :
   WACHOVIA SECURITIES, :
WACHOVIA SECURITIES, L.L.C., :
WACHOVIA SERVICES, INC., :
WACHOVIA BANK OF DELAWARE, N.A., :
TODD D. GAUTHIER, LYNN G. MEYER, :
CAROLYN J. BEAM, and :
DOROTHY A. DIFEBO, :
:
Defendants. :
:
------------------------------------X

## JOINT STATUS REPORT

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.2(b) of this Court, and the Order dated May 15, 2007, counsel for Plaintiff Kenneth S. Mitchell ("Plaintiff") and Defendants Wachovia Corporation; Wachovia Securities, LLC; Wachovia Services, Inc. (which merged into Wachovia Shared Resources, LLC, effective January 1, 2006); Wachovia Bank of Delaware, N.A.; Todd D. Gauthier; Lynn G. Meyer; Carolyn J. Beam; and Dorothy A. DiFebo (collectively, "Defendants") respectfully submit the following Joint Status Report:

    **1.**     **Jurisdiction and Service.** Does the Court have subject matter jurisdiction? Are all parties subject to the Court's jurisdiction? Do any remain to be served?

    The United States District Court for the District of Delaware has subject matter jurisdiction over Plaintiff's claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") (Counts 1 and 2);

Plaintiff's claim pursuant to 42 U.S.C. § 1981 (Count 3); Plaintiff's claim pursuant to 42 U.S.C. § 1985 (Count 4); and Plaintiff's claim pursuant to 42 U.S.C. § 1986 (Count 5). This Court has supplemental jurisdiction over Plaintiff's related state-law claims. Defendants have waived service, and no parties remain to be served.

2.  **Substance of the Action.** What are the factual and legal bases for Plaintiff's claims and Defendants' defenses?

**Plaintiff:** Plaintiff has asserted claims of discrimination and other wrongful conduct on the part of defendants under Title VII, 42 U.S.C. §§2000e, 1981,1985, and1986, as well as state law claims under 19 Del.C. §710 and common law tort claims. Plaintiff is an African-American male, employed as a financial advisor with defendant Wachovia, who alleges both racial and gender discrimination. Plaintiff notified management of the wrongful conduct he was experiencing, and defendants' response was to move plaintiff to a less desirable branch office rather than to remedy the discriminatory and wrongful conduct by its employees. Plaintiff filed a charge of discrimination with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"). A right-to-sue letter was duly issued by the EEOC, and plaintiff filed his Complaint on December 1, 2006. Defendants filed their Answer on February 23, 2007. Defendants deny all allegations of discriminatory or other wrongful conduct against plaintiff.

**Defendants:** (1) Plaintiff's claims of employment discrimination and retaliation should be dismissed in their entirety because any employment decisions with regard to Plaintiff were based upon legitimate, non-discriminatory business reasons, and had nothing whatsoever to do with Plaintiff's race, sex, or any retaliatory motive. In particular, the decision to transfer Plaintiff from the Prices Corner branch office to the Meadowood branch office was based upon legitimate business reasons, including, *inter alia*, Plaintiff's inability get along with the staff at

Prices Corner and his low productivity. (2) Plaintiff's discrimination and retaliation claims should be dismissed because Plaintiff did not suffer an adverse employment action, as his transfer from Prices Corner to Meadowood was a lateral transfer. (3) Plaintiff's discrimination and retaliation claims arising under federal law should be dismissed as to Gauthier, Meyer, Beam, and DiFebo because those laws do not provide for individual liability. (4) Plaintiff's hostile work environment claim should be dismissed because he cannot establish that the actions of the employees in the Prices Corner branch office were severe or pervasive. (5) Plaintiff's tort claims sounding in negligence should be dismissed to the extent they are barred by the Delaware Workers' Compensation Law. (6) Plaintiff's claims for fraud, deceit, *prima facie* tort, and conspiracy should be dismissed because they are not pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. (7) Plaintiff's claims against Wachovia Corporation; Wachovia Services, Inc. (which merged into Wachovia Shared Resources, LLC, effective January 1, 2006); and Wachovia Bank of Delaware, N.A., should be dismissed because Plaintiff was never employed by any of those entities. In addition to the defenses enumerated herein, Defendants incorporate by reference the twenty-three defenses asserted in Defendants' Affirmative and Other Defenses, filed February 23, 2007.

3. **Identification of Issues.** What factual and legal issues are genuinely in dispute?

The parties cannot identify specific factual and legal issues that are genuinely in dispute at this time, given that discovery has not yet commenced in this case. In general terms, there is a dispute between the parties as to whether Defendants, or any of them, took any adverse employment action against Plaintiff, or subjected him to a hostile work environment, on the basis of his race or sex, or in retaliation for making a complaint of race discrimination.

4.      **Narrowing of Issues.** Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

**Plaintiff**: Plaintiff submits that the issues in the case may be subject to narrowing during or following discovery. Plaintiff's counsel will confer with defense counsel concerning any reasonable requests to narrow the issues or claims in this case.

**Defendants**: The issues in this litigation may be narrowed by dispositive motions. Subject to discovery, Defendants contemplate a motion for summary judgment as to all claims asserted by Plaintiff in his Complaint. Defendants intend to request that Plaintiff voluntarily withdraw his claims against Gauthier, Meyer, Beam, and DiFebo arising under federal law, because those laws do not provide for individual liability. Defendants also intend to request that Plaintiff voluntarily withdraw Counts 4 – 8 of his Complaint, and limit the Complaint to the claims of race and sex discrimination and retaliation asserted in Counts 1 – 3.

5.      **Relief.** What specific relief does Plaintiff seek? What is the amount of damages sought and generally how is it computed?

Plaintiff seeks (1) compensatory damages for past, present and future lost wages, bonuses and other elements of income derived from his employment relationship with Wachovia, and for emotional and psychological harm; (2) punitive damages; (3) equitable relief in the form of reinstatement to his position at the Prices Corner branch office; (4) costs of this action; (5) reasonable attorneys' fees; (6) prejudgment and postjudgment interest at the applicable legal rate(s); and (7) such other relief as the Court deems just and appropriate.

6.      **Amendment of Pleadings?**

The parties do not anticipate a need to amend the pleadings at this time.

7.      **Joinder of Parties?**

The parties do not anticipate joinder of any additional parties at this time.

8.  **Discovery.** Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?

**Plaintiff:** Plaintiff submits that discovery will consist of initial disclosures followed by written discovery in the form of interrogatories, requests for production, and possibly requests for admission. Written discovery will probably be followed by depositions of the individual parties as well as of any other individuals having knowledge of the facts and circumstances of plaintiff's employment with defendant Wachovia, his treatment by other employees, the investigation conducted by defendants, and defendants' response to the claims. The parties may address specific deadlines for discovery with the Court during the upcoming status conference.

**Defendants:** Defendants submit that discovery will consist of initial disclosures followed by written discovery in the form of interrogatories, requests for production, and possibly requests for admission. Defendants intend to depose Plaintiff and any health care professional who provided services in connection with Plaintiff's alleged emotional distress. Defendants reserve their right to depose additional witnesses in the event that such depositions become necessary through the course of discovery. Defendants also intend to schedule Plaintiff for an independent medical examination with a psychiatrist, psychologist, counselor or other health care professional regarding his alleged emotional distress.

The parties expect to complete discovery by January 31, 2008.

9.  **Estimated trial length.** Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

The parties anticipate that the trial in this matter will last five (5) days. The parties do not believe it to be feasible or desirable to bifurcate the trial.

10. **Jury trial?**

NY1 26467220.2

Plaintiff has requested a jury trial. As stated in Defendants' Answer and Affirmative and Other Defenses, Defendants object to a trial by jury on Plaintiff's equitable claims, claims for back and front pay, and all other issues as to which a jury is not permitted as of right as a matter of law.

11. **Settlement.** Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?

The parties engaged in settlement discussions in connection with a mediation session with the Delaware Department of Labor, which took place on January 25, 2006. The parties were unable to settle the case at the mediation session, and have not revisited settlement since that date. Plaintiff would consent to mediation of the claims before the Magistrate or a private mediator. Defendants do not consent to referral to the Magistrate for mediation, nor do they believe that any other ADR mechanism is appropriate at this time.

12. **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.**

The parties are not currently aware of any other issues that may impact the just, speedy and inexpensive determination of this action.

13. **A statement that counsel for the parties have conferred about each of the above matters.**

Counsel for the parties represent that they have conferred in good faith regarding each of the issues set forth above.

Dated: May 18, 2007

| | |
|---|---|
| BIGGS AND BATTAGLIA | MORRIS JAMES LLP |
| /s/ Steven F. Mones | /s/ James H. McMackin III |
| Steven F. Mones (#2611) | James H. McMackin III (#4284) |
| 921 North Orange Street | 500 Delaware Avenue, Suite 1500 |
| Wilmington, Delaware 19899-1489 | P.O. Box 2306 |
| (302) 655-9677 | Wilmington, Delaware 19899 |
| smones@batlaw.com | (302) 888-5849 |
| Attorneys for Plaintiff | jmcmackin@morrisjames.com |

David B. Ross (admitted *pro hac vice*)
SEYFARTH SHAW LLP
1270 Avenue of the Americas
New York, New York 10020-1801

Attorneys for Defendant

1571191/1
NY1 26467220.2