IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------X
KENNETH S. MITCHELL,                :
                                    :
         Plaintiff,                 :
                                    :    Civil Action No. 06-725 (GMS)
   v.                               :
                                    :
WACHOVIA CORPORATION, t/a           :
   WACHOVIA SECURITIES,             :
WACHOVIA SECURITIES, L.L.C.,        :
WACHOVIA SERVICES, INC.,            :
WACHOVIA BANK OF DELAWARE, N.A.,    :
TODD D. GAUTHIER, LYNN G. MEYER,    :
CAROLYN J. BEAM, and                :
DOROTHY A. DIFEBO,                  :
                                    :
         Defendants.                :
                                    :
------------------------------X

## STIPULATION AND ORDER GOVERNING
## THE TREATMENT OF CONFIDENTIAL MATERIAL

**WHEREAS**, Plaintiff Kenneth S. Mitchell ("Plaintiff") and Defendants Wachovia Corporation; Wachovia Securities, LLC; Wachovia Services, Inc. (which merged into Wachovia Shared Resources, LLC, effective January 1, 2006); Wachovia Bank of Delaware, N.A.; Todd D. Gauthier; Lynn G. Meyer; Carolyn J. Beam; and Dorothy A. DiFebo (collectively, "Defendants") (together, the "Parties") are Parties in the above-captioned action; and

**WHEREAS**, certain materials and information likely to be disclosed during discovery contain confidential information; and

**WHEREAS**, the Parties wish to ensure that such confidential information shall not be used for any purpose other than the above-captioned action and only as permitted by this Stipulation and Order;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through their respective counsel, as follows:

1. This Stipulation and Order governs the handling of documents, responses to document requests, interrogatories, requests for admissions, or other information requests, deposition testimony, and other written, recorded, electronically stored, graphic, or other matter produced in the above-captioned action ("Discovery Material"), which has been designated "Confidential" by any party. Discovery Material which has been designated "Confidential" and/or any summary, chart, or synopsis of Discovery Material which has been designated "Confidential" is referred to herein as "Confidential Material."

2. Confidential Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and for no other purposes whatsoever.

3. Under no circumstances other than those specifically provided for in this Stipulation and Order, as otherwise required by law, or with the express and specific consent in writing of the party which produced the Confidential Material (the "Producing Party") shall a party receiving Confidential Material (the "Receiving Party") in any way whatsoever reveal, disclose, or otherwise make known Confidential Material to any person other than the following:

   (a) the Receiving Party (which, if the Receiving Party is Wachovia Corporation; Wachovia Securities, LLC; Wachovia Services, Inc.; or Wachovia Bank of Delaware, N.A., shall include each of their officers, directors, and employees whose review of Confidential Material is necessary to prepare the defense of this case);

   (b) counsel of record in this action for the Receiving Party and employees of such counsel assisting in the conduct of this action;

   (c) counsel other than counsel of record in this action, provided such counsel

first agree in writing to be bound by the terms of this Stipulation and Order and confirm that they have read the Stipulation and Order in its entirety;

(d) expert witnesses, provided such expert witnesses first agree in writing to be bound by the terms of this Stipulation and Order and confirm that they have read the Stipulation and Order in its entirety;

(e) witnesses from whom the Receiving Party, in good faith, intends to elicit testimony relating to such Confidential Material, in deposition, at trial, or in affidavit form, provided such anticipated witnesses first agree in writing to be bound by the terms of this Stipulation and Order and confirm that they have read the Stipulation and Order in its entirety by executing Exhibit A hereto, or, if the witness provides testimony at a deposition, provided such witness orally agrees on the record to be bound by the terms of this Stipulation and Order; and

(f) the Court and personnel of the Court in which this action has been filed, subject to the provisions of Paragraph 7 below; and

(g) court reporters engaged for this action for the purpose of recording depositions in discovery in this case.

4. Confidential Material shall consist of the following:

(a) information in which the Producing Party believes in good faith he, she or it has a colorable privacy interest, and, in the case of Wachovia, information in which any of its clients, subsidiaries, and/or affiliates, or any of its/their current or former directors, officers and/or employees has a colorable privacy interest, including, but not limited to, information contained in employee personnel or client files;

(b) information that the Producing Party believes in good faith amounts to proprietary or confidential business, financial or trade secret information; or

(c)   other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7).

Discovery Material may be designated "Confidential" by placing the legend "Confidential" on each page prior to production or, with respect to a multi-page document, by placing the legend "Confidential" on the first page of the document, provided that the multi-page document is securely bound. Deposition testimony may be designated as "Confidential" by providing notice at the deposition, or within thirty (30) days of the deposing Party providing to counsel for deponent a transcript of such deposition, that all or specified portions of the deposition testimony shall be treated as Confidential Material.

5.  An inadvertent failure to designate any Discovery Material as "Confidential" pursuant to Paragraph 4 may be corrected by written notice to the Receiving Party given as soon as practicable. However, such written notice shall not prejudice the right of the Receiving Party to treat the Discovery Material as non-confidential during the period in which it was not designated as "Confidential" pursuant to this Stipulation and Order.

6.  Any Party receiving Material designated as "Confidential" shall not be obligated to challenge the propriety of the designation at the time that it is made, and failure to do so shall not preclude a subsequent challenge thereto. If a Receiving Party opts to challenge such designation, it shall first send or give notice to counsel for the Producing Party, and the Parties shall attempt to resolve any challenge in good faith and on a prompt and informal basis, before bringing the dispute to the Court, as set forth in Paragraph 3(a) of the May 30, 2007 Scheduling Order.

7.  The Parties agree that they shall take all steps to ensure that as to any filing or submission or use at trial in this action of any material that includes or discloses Confidential

Material, such Confidential Material will be filed under seal and will remain under seal until further order of the Court. Counsel for a Receiving Party submitting any such matter for filing shall mark same "TO BE FILED UNDER SEAL" next to the caption, and shall accompany such filing with a motion to seal, or in the alternative, provide notice to the party that produced such Confidential Material, at least seven (7) days in advance of filing any such Confidential Material, of their intent to file such matter, together with an identification of the Confidential Material to be disclosed, so as to allow the Producing Party sufficient time to file a motion to seal.

8.   This Stipulation and Order has no effect upon, and its scope shall not extend to, any Producing Party's use of its own Confidential Material or any Receiving Party's use of material not obtained in the discovery process herein.

9.   Nothing in this Stipulation and Order shall prevent any Party from seeking or requiring confidentiality protections beyond those called for in this Stipulation and Order.

10.  Upon conclusion of this action and any appeals thereof, all Confidential Material and all copies thereof, together with any written agreement signed by an individual to whom Confidential Material was disclosed pursuant to Section 3(c) and 3(d) of this Stipulation and Order, shall, at the request of the Producing Party, be returned to counsel of record for the Producing Party within twenty (20) days of the request of the Producing Party, or, in the alternative, the Receiving Party may provide written confirmation that all Confidential Material and all copies thereof have been destroyed within twenty (20) days of the request of the Producing Party. This paragraph shall also apply to a Non-Party who has agreed in writing to be bound by this Stipulation and Order.

11.  This Stipulation and Order may be executed by the Parties hereto in separate counterparts, each of which when so executed and delivered shall be an original but all such

counterparts together shall constitute one and the same instrument. This Stipulation and Order, or any counterparts thereof, may be transmitted by facsimile or other electronic means, and upon receipt shall be deemed an original.

Dated: Wilmington, Delaware
August 16, 2007

BIGGS AND BATTAGLIA

By: _____
Steven F. Mones
921 North Orange Street
Wilmington, Delaware 19899-1489

Attorneys for Plaintiff

#2611
Smones@Batlaw.com

MORRIS JAMES LLP

By: _____ (#4284)
James H. McMackin III
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19899

Jmcmackin@MorrisJames.com

Attorneys for Defendant

SEYFARTH SHAW LLP

By: _____
Devjani Mishra (admitted *pro hac vice*)
1270 Avenue of the Americas
New York, New York 10020-1801

Attorneys for Defendants

SO ORDERED:

_____
The Honorable Gregory M. Sleet
United States District Judge

Dated: August ____, 2007

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------X
:
KENNETH S. MITCHELL, :
:
      Plaintiff, :
: Civil Action No. 06-725 (GMS)
  v. :
:
WACHOVIA CORPORATION, t/a :
   WACHOVIA SECURITIES, :
WACHOVIA SECURITIES, L.L.C., :
WACHOVIA SERVICES, INC., :
WACHOVIA BANK OF DELAWARE, N.A., :
TODD D. GAUTHIER, LYNN G. MEYER, :
CAROLYN J. BEAM, and :
DOROTHY A. DIFEBO, :
:
      Defendants. :
:
------------------------------------X

### UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL

    I hereby acknowledge that: I have read the Stipulation and Order Governing the Treatment of Confidential Material, dated August ____, 2007, in the case captioned <u>Kenneth S. Mitchell v. Wachovia Corporation, et al.</u>, Civil Action No. 06-725 (GMS), pending in the United States District Court for the District of Delaware; I understand the terms thereof; I agree to be bound by such terms; and I agree to submit to the jurisdiction of the said Court with respect to the enforcement of the Stipulation of Confidentiality.

                                                Signed: _____

                                                Name: _____

                                                Dated: _____