IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                            :

KENNETH S. MITCHELL,             :

           Plaintiff,        :

                            :     Civil Action No. 06-725 (GMS)

     v.                  :

WACHOVIA CORPORATION, t/a    :
   WACHOVIA SECURITIES,     :
WACHOVIA SECURITIES, L.L.C.,   :
WACHOVIA SERVICES, INC.,     :
WACHOVIA BANK OF DELAWARE, N.A., :
TODD D. GAUTHIER, LYNN G. MEYER,  :
CAROLYN J. BEAM, and       :
DOROTHY A. DIFEBO,        :

           Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JOINT PROPOSED JURY CHARGES AND OBJECTIONS[1]**

---

[1] Objections, where applicable, are noted in bold typeface.

## INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case.  Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer; however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties.  You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court.  You are the sole judges of the facts.  It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, Defendants, or any of them, are liable to Plaintiff.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them.  You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you,

2

even if you personally disagree with them.  You must accept that despite how you feel about their wisdom.  This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

NY1 26507975.2

**PERSONS AND ORGANIZATIONS EQUAL BEFORE THE LAW**

All persons and organizations are equal before the law.  In deciding this case, you must consider all of the individuals in this case, including Mr. Mitchell, Mr. Gauthier, Ms. Beam and Ms. DiFebo, and the various corporate entities, including Wachovia Securities, Wachovia Bank, Wachovia Services and Wachovia Corporation, to be of equal standing in the community.  A corporation such as any of the Wachovia companies is entitled to the same fair trial at your hands as a private individual, no matter how big or small that corporation may be.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.  This means that you should not favor the Plaintiff over Wachovia Securities simply because he is an individual and Wachovia Securities is a corporation.  Likewise, you should not favor any Wachovia company over the Plaintiff simply because it is a corporation.  Rather, the status of any party as either an individual or a corporation should not affect your decision in any way.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  I may have had a discussion with the lawyers that you could not hear.  You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

NY1 26507975.2

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other.  You should consider all the evidence both direct and circumstantial, and give it whatever weight you believe it deserves.

NY1 26507975.2

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it

deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion,

then you are free to reach that conclusion.

NY1 26507975.2

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

**RULING ON OBJECTIONS**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered or the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question or the exhibit and not speculate as to what the answer might have been or what the exhibit might have demonstrated.

In addition, you must not consider evidence that I have ordered stricken from the record.

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness' credibility.  You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial.  You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

**EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.  You are not bound by an expert's opinion simply because he or she is an expert; you may accept it or reject it, as in the case of other witnesses, and give it the weight, if any, to which you believe it is entitled.

NY1 26507975.2

## CHARTS AND SUMMARIES

Charts and summaries have been admitted into evidence and shown to you during the trial for the purpose of explaining facts that are contained in records or other documents which are evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

NY1 26507975.2

**DEPOSITION - USE AS EVIDENCE**

Some testimony is in the form of sworn recorded and/or videotaped answers to questions asked of a witness before the trial.  This is known as deposition testimony.  This kind of testimony is used when a witness, for some reason, cannot be present to testify in person.  You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

## PRIOR SWORN STATEMENTS

If you find that a witness made an earlier sworn statement that conflicts with the witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe.  You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.

14

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified for any side.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

NY1 26507975.2

**NOT REQUIRED TO PUT IN ALL EVIDENCE**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

16

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. The Plaintiff, Kenneth Mitchell, has the burden of proving his claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not true.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular issue or element of a claim is evenly balanced, then the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them, and all exhibits received into evidence, regardless of who produced them.

**If the proof fails to establish any part of a claim or contention by a preponderance of the evidence then you should find against the party making that claim or contention.**

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not Plaintiff has met his burden of proof on various issues.

**Plaintiff objects to portion listed in bold above.**

## VERDICT BASED ON EVIDENCE

I instruct you that your verdict must be based solely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatsoever except a fair and impartial consideration of the evidence. Further, you must not allow sympathy that you might have or entertain for any of the parties to influence you in arriving at your decision. I do not charge you not to sympathize with persons involved in litigation. But I do charge you not to allow that sympathy to enter into the consideration of the case or to influence your verdict.

NY1 26507975.2

**FACT THAT DEFENDANTS ARE SUED**

I should remind you that simply because a defendant is sued does not mean that the defendant is liable.  Anyone can file a lawsuit.  The fact that the Plaintiff filed this lawsuit against Wachovia Securities, the other Wachovia companies or the varioius individuals does not, by itself, mean they have done anything the law prohibits.  Rather, the question of whether any defendant has done anything unlawful is for you to decide on the basis of the evidence.

**Plaintiff objects to this instruction.**

## THE PARTIES

I will now instruct you more fully on the specific issues that you must address in this case.

Plaintiff Kenneth Mitchell is an employee of Wachovia Securities, LLC, where he works as a Financial Advisor in the Meadowood Branch office. Plaintiff filed a complaint in this Court alleging racial and gender discrimination, retaliation and conspiracy against Defendants Wachovia Corporation, Wachovia Securities, LLC, Wachovia Services, Inc., and Wachovia Bank of Delaware, N.A., as well as Defendants Todd Gauthier, Carolyn Beam, and Dorothy DiFebo. Mr. Gauthier is an employee of Wachovia Securities, and was Mr. Mitchell's supervisor from August 2002 to April 2005. Ms. DiFebo is an employee of Wachovia Bank. Ms. Beam is a former employee of Wachovia Bank.

## **TITLE VII  INTRODUCTORY INSTRUCTION**

In this case the Plaintiff Kenneth S. Mitchell makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin.

More specifically, Plaintiff claims that he was harassed and discriminated against by the Defendants because of Plaintiff's race and gender.

Defendants deny that Plaintiff was discriminated against in any way.  Further, Defendants assert that they exercised normal business practices in their treatment of Plaintiff.

I will now instruct you more fully on the issues you must address in this case.

**Plaintiff submits this instruction**.  **Defendants object to this instruction.**

## HARASSMENT — HOSTILE WORK ENVIRONMENT

Plaintiff claims that he was subjected to harassment by the Defendants and that this harassment was motivated by Plaintiff's race and gender.

An Employer is liable for the actions of its employees in Plaintiff's claim of harassment if Plaintiff proves all of the following elements by a preponderance of the evidence:

First: Plaintiff was subjected to harassing and discriminatory acts and conduct by Defendants Gauthier, Beam, and/or DiFebo.

Second: Defendants' conduct was not welcomed by Plaintiff.

Third: Defendants' conduct was motivated by the fact that Plaintiff is an African-American male.

Fourth: The conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable member of plaintiff's race or gender reaction to Plaintiff's work environment.

Fifth: Plaintiff believed his work environment to be hostile or abusive as a result of Defendants' conduct.

Sixth: Plaintiff suffered an adverse "tangible employment action" as a result of the hostile work environment; a tangible employment action is defined as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.

Seventh: Management level employees knew, or should have known, of the abusive conduct. Management level employees should have known of the abusive conduct if (1) an employee provided management level personnel with enough information to raise a probability of race or gender harassment in the mind of a reasonable employer, or if (2) the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

Adapted from Third Circuit Model Jury Instructions 5.1.4.

**Plaintiff submits this instruction.  Defendants object to this instruction.**

NY1 26507975.2

## **HOSTILE OR ABUSIVE WORK ENVIRONMENT**

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

· The total physical environment of [plaintiff's] work area.

· The degree and type of language and insult that filled the environment before and after Plaintiff arrived.

· The reasonable expectations of [plaintiff] upon entering the environment.

· The frequency of the offensive conduct.

· The severity of the conduct.

· The effect of the working environment on [plaintiff's] mental and emotional well-being.

· Whether the conduct was unwelcome, that is, conduct [plaintiff] regarded as unwanted or unpleasant.

· Whether the conduct was pervasive.
· Whether the conduct was directed toward [plaintiff].

· Whether the conduct was physically threatening or humiliating.

· Whether the conduct was merely a tasteless remark.

· Whether the conduct unreasonably interfered with [plaintiff's] work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay,  occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of

employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude, or vulgar to all employees.  In order to find a hostile work environment, you must find that Plaintiff was harassed because of Plaintiff's membership in a protected class - either his race or gender. The harassing conduct may, but need not be sexual/racial, etc. in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's protected status. The key question is whether Plaintiff, as a member of a protected class, was subjected to harsh employment conditions to which those outside the protected class were not.

It is important to understand that, in determining whether a hostile work environment existed at the employer's workplace you must consider the evidence from the perspective of a reasonable member of Plaintiff's race or gender in the same position. That is, you must determine whether a reasonable member of Plaintiff's race or gender would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable member of Plaintiff's race or gender. The reasonable member of protected class is simply one of normal sensitivity and emotional make-up.


Adapted from Third Circuit Model Civil Jury Instructions 5.2.1.


**Plaintiff submits this instruction**

## **RETALIATION**

The federal statutes against discrimination also prohibit retaliation against an employee when the employee has opposed any act or practice made unlawful by these federal laws. Plaintiff claims that Defendants retaliated against him due to his opposing race and gender discrimination against him.   Whether or not you believe Defendants, in fact, engaged in discriminatory practices is irrelevant and is not to be considered by you in determining whether or not Defendants retaliated against the Plaintiff.  That is, there can be retaliation under federal law even if Defendants did not actually engage in the discriminatory practices Plaintiff has alleged.

To establish that Defendants retaliated against the Plaintiff, the Plaintiff must prove the following elements by a preponderance of the evidence:

1. That he engaged in conduct protected by law;

2. That he suffered an adverse employment action or harassment following this protected conduct; and

3. That the desire of Defendants to retaliate was a determinative factor in the employment action.

In the present case, the Plaintiff claims that the protected conduct was his making claims that he was being subjected to discrimination.

Adapted from:

> *Mondzelewski v. Pathmark*, C.A. No. 96-359 (D.Del. July 1999) (Schwartz, J.)
> *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 498 (3d Cir. 1997).
> *Fogleman v. Mercy Hospital, Inc.*, 283 F.3d 561 (3d Cir. 2002)
> *U.S. EEOC v. Bojangles Restaurants, Inc.*, 284 F. Supp.2d 320 (M.D.N.C. 2003)

**Plaintiff submits this instruction.  Defendants object to this instruction.**

## CAUSAL LINK

Causation in a retaliation claim must be proven in its own right.  It is not enough to show that some adverse action came after some protected activity.  Rather it is Plaintiff 's burden to prove by a preponderance of the evidence that the reason the adverse action was taken was because he or she engaged in a protected activity by opposing a discriminatory practice.  In determining whether or not the Plaintiff has proven this causal link, you should consider whether or not Defendants were aware of the Plaintiff's  protected activity, whether there was a pattern of antagonism towards the Plaintiff after he engaged in such protected activity, and any other evidence that there is a causal link between the protected conduct and the adverse job action.

The Plaintiff is not required to prove that his protected activity was the sole motivation or even the primary motivation for Defendants' conduct.  The Plaintiff need only prove that a desire to retaliate was a determinative factor in Defendants' decision and behavior towards him.

In determining whether or not a desire to retaliate was a determinative factor, you may consider whether Defendants have presented any legitimate non-retaliatory reason for the employment, actions taken with respect to the Plaintiff.   Defendants are entitled to use business judgment in making employment determinations as long as the protected activity of its employees is not a determinative factor.

At all times, the Plaintiff bears the burden of proving by a preponderance of the evidence that a desire to retaliate was a determinative factor in the adverse employment action.

Adapted From:
*Mondzelewski v. Pathmark*, C.A. No. 96-359 (D.Del. July 1999) (Schwartz, D.J.)
*Mondzelewski v. Pathmark*, 162 F.3d 788 (3d Cir. 1998)
*Krouse v. American Sterilizer Co.*, 126 F.3d 494, 498 (3d Cir. 1997).
*Woodson v. Scott Paper Co.*, 109 F.3d 913 (3d Cir. 1997), cert denied, 118 S.Ct. 289 (1997)

**Plaintiff submits this instruction.  Defendants object to this instruction.**

## TITTLE VII, SECTION 1981 AND DELAWARE CODE
## (DISPARATE TREATMENT): ESSENTIAL ELEMENTS

First, Plaintiff claims that the defendants discriminated against him or treated him differently than other employees because of his race and gender.  Specifically, beginning in August 2002, Plaintiff was assigned to two offices in Capitol Trail and Prices Corner.  In December 2004, Wachovia Securities reassigned Plaintiff to the Capitol Trail branch only. Plaintiff claims that this reassignment was based on his race and gender.

Defendants deny that they discriminated against Plaintiff on the basis of his race or gender, or on any other basis.  Defendants contend that any employment decisions that Wachovia Securities has made concerning Plaintiff were based upon valid, non-discriminatory business reasons, and had nothing whatsoever to do with Plaintiff's race, gender, or any discriminatory motive.  In particular, Defendants have argued that the decision to reassign Plaintiff was part of a company-wide policy of assigning one Financial Advisor to each branch, and that Wachovia Securities chose the Capitol Trail office for Plaintiff because of his low productivity at Prices Corner as compared to Capitol Trail where he was exceeding his performance goals.

In order for Plaintiff to recover on this discrimination claim, he must prove that Defendants intentionally discriminated against him.  This means that Plaintiff must prove, by a preponderance of the evidence, that his race or gender was a determinative factor in Wachovia Securities' conduct in reassigning him exclusively to the Capitol Trail office.  Also, Plaintiff must offer sufficient evidence that nonmembers of the protected class – that is, individuals of a different race or gender – were treated more favorably than him.

Ultimately, you must decide whether Plaintiff has proven that his race and gender were determinative factors in his reassignment. "Determinative factor" means that if not for Plaintiff's race or gender, Defendants would not have made the same decisions that they did.  If you do not

27

find that Plaintiff has established all of these factors by a preponderance of the evidence, then

you must find for the Defendants on Plaintiff's claims of discrimination.

**Adapted from the Third Circuit Model Civil Jury Instructions; Model 6.1.2; West Thompson, 2006 ed.; <u>Miller v. State of Delaware Probation and Parole</u>, 41 Fed. Appx. 581, 583 (3d Cir. 2002).**

**Defendants submit this instruction.  Plaintiff objects.**

### TITLE VII, SECTION 1981 OR DELAWARE CODE (HOSTILE WORK ENVIRONMENT): ESSENTIAL ELEMENTS

Plaintiff is also alleging that he was harassed or suffered a hostile work environment at the Prices Corner branch office because of his race and gender.  Defendants deny that Plaintiff was subjected to a hostile work environment at Prices Corner or at any branch office at any time.

In order for Plaintiff to recover on this claim, he must prove the following facts by a preponderance of the evidence.

> (1) that he suffered intentional discrimination because of race or gender;
> (2) that the discrimination was pervasive and regular;
> (3) that the discrimination detrimentally affected him;
> (4) that the discrimination would detrimentally affect a reasonable person of the same race or gender in that position; and
> (5) there is a basis for holding one or more of the defendants liable for such conduct.

To claim unlawful harassment, Plaintiff must show that he would not have been treated the same way if he were not a man or African American.  Keep in mind that allegedly harassing conduct that is in fact motivated by a bad working relationship, by performance issues, by a belief that the plaintiff has in some way acted improperly, or even by personal animosity is not unlawful.  The law does not protect employees from personality conflicts that are unrelated to discrimination.

Further, in order for Plaintiff to succeed, you must conclude that the conduct to which he was subjected was severe or pervasive.  In making that determination, you must look to the totality of the circumstances, including the frequency of the alleged discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance, judged from the perspective of a reasonable person in the Plaintiff's position.  The harassment must have been so severe or pervasive as to alter the conditions of Plaintiff's employment and create an abusive

NY1 26507975.2

working environment.  Things like simple teasing, offhand comments, and isolated incidents do not amount to discriminatory or harassing changes in the terms and conditions of employment.

Plaintiff's subjective reaction to a temporary misunderstanding is not enough to establish a hostile work environment; there must also be objective evidence.

If you do not find that Plaintiff has established all of these factors by a preponderance of the evidence, then you must find for the Defendants on the Plaintiff's claim of hostile work environment.

**Cole v. Del. Tech. & Cmty. College**, 459 F. Supp. 2d 296, 307 (D. Del. 2006); **Arasteh v. MBNA America Bank, N.A.**, No. 99-254-GMS, 2000 WL 672866, \*12 (D. Del. June 12, 2001); **Seldomridge v. Uni-Marts, Inc.**, No. 99-496 GMS, 2001 U.S. Dist. LEXIS 9491, \*8 (D. Del. July 10, 2001); **Lacy v. AMTRAK**, 507 F. Supp 2d 438, 447 (D. Del. 2007); **Harris v. Forklift Sys., Inc.**, 510 U.S. 17, 23, 114 S. Ct. 367, 371 (1993); **Faragher v. City of Boca Raton**, 524 U.S. 775, 786 (1998).

**Defendants submit this instruction.  Plaintiff Objects.**

## TITLE VII, SECTION 1981 OR DELAWARE CODE (RETALIATION): ESSENTIAL ELEMENTS

Plaintiff claims that Defendants retaliated against him after he complained in January 2005 to Wachovia Securities Human Resources about his treatment by individuals at the Prices Corner branch office and about the fact that he had been reassigned to the Capitol Trail branch only.

To prevail on this claim, Plaintiff must prove all of the following facts by a preponderance of the evidence:

> (1) he participated in an activity protected under law;
> (2) he suffered an adverse employment action; and
> (3) there was a causal connection between the protected activity and the adverse employment action.

Concerning the first element, the law defines a "protected activity" as any instance in which an employee has participated in any manner in an investigation, proceeding, or hearing regarding complaints of unlawful discrimination. General complaints of unfair treatment or unhappiness with management do not constitute an explicit charge of illegal discrimination. If the complaint that does not mention discrimination, it will not suffice for purposes of establishing Plaintiff's participation in an protected activity.

Concerning the second element, whether a challenged action could be considered objectively "adverse" must depend in part upon whether such action would be materially likely to dissuade a reasonable worker from making or supporting a charge of discrimination.

Concerning the third element, that of causal connection, such a connection may be shown in many ways. For example, you may find that there is, or is not, a sufficient connection based on timing, that is whether an adverse action followed shortly after Defendants became aware of Plaintiff's alleged protected activity. There is no bright line rule as to what constitutes close temporal proximity or timing. You may also find causation if Plaintiff has proven that

31

Defendants showed antagonism or changed their demeanor toward Plaintiff after he made his complaint.

Defendants do not dispute that Plaintiff complained to Wachovia Securities Human Resources in January 2005. However, Defendants deny that they have taken any adverse action against Plaintiff at any time following that complaint. Defendants further deny that they have taken any action concerning Plaintiff that is causally related to his January 2005 complaint.

Ultimately, you must decide whether Plaintiff's alleged protected activity in January 2005 had a determinative effect on any of Wachovia Securities' employment decisions after that time, and whether those decisions were adverse to Plaintiff. "Determinative effect" means that if not for Plaintiff's protected activity, the adverse employment action in question would not have occurred.

**Burlington Northern & Santa Fe Ry. Co. v. White**, 126 S. Ct. 2405 (U.S. 2006); **Nelson v. Upsala Coll.**, 51 F.3d 383, 386 (3d Cir. 1995); **Price v. Delaware Dept of Corr.**, 40 F. Supp. 2d 544, 551-2 (D. Del 1999); 22 U.S.C. § 2000e-3(a); **Balazs v. Liebenthal**, 32 F.3d 151, 159 (4th Cir. 1994) **Cole v. Del. Tech. & Cmty. College**, 459 F. Supp. 2d 296, 307 (D. Del. 2006); **McBride v. Hospital of the University of Pennsylvania**, No. 99-6501, 2001 U.S. Dist. LEXIS 15115 at \*22 (E.D.Pa. September 21, 2001).

**Defendants submit this instruction. Plaintiff Objects.**

## BUSINESS JUDGMENT AND PRETEXT

Defendants have given a reason for their decision to assign Plaintiff exclusively to the Capitol Trail branch office.  Specifically, Wachovia Securities has presented evidence that it was pursuing a policy of placing one Financial Advisor at each branch and many other Financial Advisors were assigned to only one branch or even none.   Additionally, Wachovia Securities has presented evidence that as of December 2004, eighty percent of Mitchell's sales were coming from Capitol Trail while his production at Prices Corner was below target.

If you disbelieve Defendants' explanations for their conduct, then you may, but need not, find that Plaintiff has proved intentional discrimination.  In determining whether Wachovia Securities' stated reasons for its actions was a pretext, or excuse, for discrimination, you may not question Wachovia Securities' business judgment as a company.  That is, you cannot find intentional discrimination simply because you disagree with a company's business judgment or believe it is harsh or unreasonable.  You are not to consider Defendants' wisdom.  However, you may consider whether Defendants' reasons for their actions are merely a cover-up for discrimination.

Keep in mind that it is not enough for Plaintiff to prove that Defendants' stated reasons for their actions were false.  Ultimately, you must decide whether Plaintiff has proven that his race and gender, or his involvement in a protected activity, was a determinative factor in any of the employment actions he now challenges in this case. "Determinative factor" means that if not for Plaintiff's race and gender, or his protected activity, Defendants would not have made the decisions that they did.

**Adapted from the Third Circuit Model Civil Jury Instructions; Model 6.1.2; West Thompson, 2006 ed.; <u>Blozis v. Mellon Trust of Del. Nat'l Ass'n</u>, 494 F. Supp. 2d 258, 271 (D. Del. 2007).**

**Defendants submit this instruction.  Plaintiff Objects.**

## SECTION 1981 - INDIVIDUAL LIABILITY

Plaintiff further alleges that the individual defendants, Mr. Gauthier, Ms. Beam and Ms. DiFebo, discriminated against him based on his race.

To hold Mr. Gauthier, Ms. Beam or Ms. DiFebo personally liable for race discrimination, Plaintiff must prove by a preponderance of the evidence that one or more of them intentionally and purposefully discriminated against him on the basis of his race in connection with his assignment to the Capitol Trail office.

In order to meet this burden, Plaintiff must establish that Mr. Gauthier, Ms. Beam and DiFebo were personally involved in his assignment to the Capitol Trail office and that their actions were racially motivated and intentionally discriminatory.

Ms. Beam and Ms. DiFebo deny that they were involved in the decision to assign the Plaintiff to the Capitol Trail office, and contend that they were employees of Wachovia Bank and did not have any authority over the Plaintiff's work assignments. Mr. Gauthier admits that he was involved in Plaintiff's reassignment, but denies that he was motivated by the Plaintiff's race. Mr. Gauthier contends that he was acting according to Wachovia Securities' policy of assigning one branch per Financial Advisor and that Plaintiff's performance was better at Capitol Trail than at Prices Corner.

If you find that Plaintiff has not proven by a preponderance of the evidence that Mr. Gauthier, Ms. Beam or Ms. DiFebo intentionally discriminated against him based upon his race, then you must find against Plaintiff and in favor of Mr. Gauthier, Ms. Beam and/or Ms. DiFebo on this claim.

**Brown v. Philip Morris Inc.**, 250 F.3d 789, 797 (3d Cir. 2001); **McKay v. Delaware State Univ.**, Civ. A. No. 99-219-SLR, 2000 U.S. Dist. LEXIS 14653, *38 (D. Del. 2000); **Gonzalez v. National R.R. Passenger Corp.**, 49 FEP 1135, 1135 (E.D. Pa. 1989).
**Defendants submit this instruction.  Plaintiff Objects.**

## CONSPIRACY

Plaintiff also claims that Mr. Gauthier, Ms. Beam and Ms. DiFebo conspired against him **to create a hostile work environment and to have him removed from the Prices Corner office**.

To prevail on his conspiracy claim, Plaintiff must prove the following three elements by a preponderance of the evidence:

> (1) that there was an agreement between two or more individuals;
> (2) that there was an unlawful act done to further the conspiracy; and
> (3) that he suffered damages.

Mr. Gauthier, Ms. Beam and Ms. DiFebo deny that they conspired against the Plaintiff, and specifically deny that they entered into any "agreement" with regard to the Plaintiff or any aspect of his employment, or took any actions to further a conspiracy.

If you find that Plaintiff has not proven each of the elements of conspiracy by a preponderance of the evidence, then you must find in favor of Mr. Gauthier, Ms. Beam and Ms. DiFebo on this claim.

**Edwards v. Concord EFS, Inc., No. 03-599 GMS , 2004 U.S. Dist. LEXIS 13942, *21-22 (D. Del. July 20, 2004); Mgmt. Co. v. Transcon. Ins. Co., 78 F. Supp. 2d 320, 331 (D. Del. 1999).**

**Plaintiff submits the portion listed above in bold.  Defendant objects to the addition.**

NY1 26507975.2

**DAMAGES GENERALLY**

I now discuss the award of damages in this case.  I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case.  You must first determine the liability on the part of the Defendants.  If you determine that the Defendants are liable for injuries and damages suffered by the Plaintiff, you must then consider the instructions that I am about to give you.

The object and purpose of an award of damages in a civil action is a just, fair, and reasonable compensation for the harm and injury done in the past to a Plaintiff, and for the injury and damages he or she will suffer in the future.  In a case such as this, damages are meant to put the Plaintiff in the economic position he would have been in if his legal rights had not been violated.  Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of your award.

One principle of law is that the damages to be recoverable must be provided with reasonable probability and not left to speculation.  Damages are termed speculative when there is a mere possibility rather than a reasonable probability that an injury or loss will occur or will exist in the future.  Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of your award.

You must not allow any sympathy you might have or entertain for any of the parties in this case to influence you.  I do not charge you not to feel sympathy for the parties in this case.  I do charge you not to allow that sympathy to enter into your consideration of the case and to influence your verdict.

**Plaintiff submits this instruction**

NY1 26507975.2

## <u>COMPENSATORY DAMAGES</u>   (Plaintiff's Submission)

If you determine based on the evidence and on the instructions which I have given you, that Defendants are liable to the Plaintiff then you should award him such sums of money which will reasonably and fully compensate him for each of the following elements of damages:

1.     Such sum of money as will reasonably compensate him for the mental injuries suffered in the past.

2.     Such sum of money as will reasonably compensate him for any loss of earnings that you may decide that he has sustained in the past.

3.     Such sum of money as will reasonably compensate him for any pain and suffering which he will be forced to endure in the future as a result of the actions of Defendants.

4.     Finally, such sum of money as will reasonably compensate him for any lost future earnings or income which you may find he will suffer in the future.

The damages that you award must be fair compensation, no more and no less.

The award of compensation is meant to put Plaintiff in the position he would have been in had the wrongful conduct by defendants not occurred. Plaintiff has the burden of proving damages by a preponderance of the evidence.

NY1 26507975.2

**COMPENSATORY DAMAGES: LOST WAGES   (Defendants' Submission)**

If you find that the Plaintiff has proven by a preponderance of the evidence that any Defendant discriminated or retaliated against him, then you must determine the damages to which he is entitled.  You should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on how to award damages.  Rather, it is your function to determine liability; I am instructing you on damages only so that you will have guidance in the event that you decide the Plaintiff is entitled to recover damages.

One element of damages that you may consider is whether Plaintiff has lost any wages as a result of discriminatory or retaliatory actions by any Defendant.  If you find that the Defendants are liable to Plaintiff for discrimination or retaliation, you should include in your award a sum of money sufficient to compensate Plaintiff for any loss of earnings that he may have sustained.  However, if you award back pay, you are instructed to deduct from the back pay figure whatever wages Plaintiff(s) has obtained from his continued employment at Wachovia Securities up to today.

You are further instructed that Plaintiff has a duty to mitigate any loss of wages – that is, Plaintiff is required to make reasonable efforts under the circumstances to reduce his damages or offset his losses.  Defendants bear the burden to proving that Plaintiff has failed to mitigate his damages.  So if the Defendants persuade you, by a preponderance of the evidence, that Plaintiff failed to maintain a reasonable level of productivity, profitability, or diligence in carrying out his responsibilities, and that this contributed to his loss of wages, you must reduce any award of damages by the amount of the wages that Plaintiff reasonably would have earned if he had maximized such opportunities.

If you award any lost wages to the Plaintiff, it will be his obligation to pay the appropriate amount of income taxes on that award.  Therefore, you should not consider the tax consequences to him of such an award.

**(Adapted from the Third Circuit Model Civil Jury Instructions; Model 6.4.3; West Thompson, 2006 ed.)**

NY1 26507975.2

## COMPENSATORY DAMAGES, LOST WAGES

Another element of compensatory damages which you may consider is the lost wages suffered by the Plaintiff as a result of any wrongful actions you have found to have been committed by the Defendants.

If you find that Defendants are liable for Plaintiff's claims, you should include in your award a sum of money sufficient to compensate the Plaintiff for any loss of earnings which he may have sustained in the past.

**Plaintiff submits this instruction**

NY1 26507975.2

## DAMAGES:  HEALTH CARE EXPENSES

Plaintiff has alleged and has offered evidence that he suffered health problems in the form of depression and anxiety as a result of the discriminatory conduct of Defendants and the hostile work environment to which they subjected him.  If you find in favor of Plaintiff on these claims, you should award him the amount of expenses he has incurred for health care you find related to the claims in this case.

**Plaintiff submits this instruction**

**DAMAGES FOR MENTAL SUFFERING  (Plaintiff's Submission)**

Probably the most difficult element of damages to assess is mental suffering.  You are instructed that there is no set standard or yardstick to measure the monetary value of mental suffering, but you must use your common experience and good judgment in arriving at a sum of money which would reasonably compensate a Plaintiff for the mental suffering you find he has experienced in the past and that which you find he will experience in the future.

While Plaintiff carries the burden of proving his damages by a preponderance of the evidence, he is neither required nor permitted to claim and prove with mathematical precision exact sums of money representing damages for pain and suffering.  It is required only that a Plaintiff furnish evidence of sufficient facts and circumstances to permit you, the jury, to make a probable estimate of those damages.

In evaluating mental suffering, you should look to the evidence and consider the length of time of suffering, whether it will continue into the future, and whether it was or will be continuous or intermittent.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering, nor does it require that any witness should have expressed an opinion as to the amount of damages that would compensate for such injury.  Your award should be just and reasonable in light of the evidence and sufficiently reasonable to compensate a Plaintiff.

NY1 26507975.2

**DAMAGES FOR MENTAL SUFFERING   (Defendants' Submission)**

The law entitles victims of discrimination or retaliation to compensatory damages in addition to back pay.  If you find that Defendants discriminated or retaliated against Plaintiff then you must determine an amount of money that is fair compensation for his damages.  You may award compensatory damages only for injuries that Plaintiff proves to you were caused by Defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation, no more and no less.

You may award compensatory damages, based on the evidence introduced at trial, for emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.  Your award must compensate Plaintiff for the harm that you find he suffered in the past, as well as all of the harm that you find he will suffer in the future, as a result of any violation of the law by Defendants.

No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these element of damages.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.

**Adapted from Federal Pattern Jury Instructions, Instruction § 104A.11.**

## **PUNITIVE DAMAGES  (Plaintiff's Submission)**

If you find that the Defendants intentionally, recklessly, or maliciously discriminated or retaliated against Plaintiff, then the law allows you, but does not require you, to award punitive damages.  The purpose of an award of punitive damages is first, to punish a wrong doer from misconduct, and second, to warn others against doing the same.

In this case, you may award punitive damages if you find that Defendants engaged in a practice or practices with malice or reckless indifference to the rights of Plaintiffs to be free from such intentional retaliation in employment.

The conduct of Defendants need not be egregious.  However, if the employer is acting in the face of a perceived risk that the actions violate Federal law then punitive damages are warranted.  Since most employers know what discrimination and retaliation are, it may be presumed the employer has knowledge of the nature of his action, unless it proves otherwise. *Lafate v. Chase Manhattan Bank*,  123 F. Supp. 494, 784 (2000).

If you determine that Defendants' conduct justifies an award of punitive damages, you may award an amount of punitive damages which all jurors agree is proper.  In fixing the amount, you should consider the following questions:

○    How offensive was the conduct?

○    What amount is needed, considering Defendants' financial condition, to prevent future repetition?

○    Does the amount of punitive damages have a reasonable relationship to the actual damages awarded?

If you do award punitive damages, you should fix the amount using calm discretion and

soundreason.  You must not be influenced by sympathy for, or  dislike of, any party in the case.

Jury Instruction:  Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*,  §§ 104.07

(1996).  *Kolstad v. American Dental Association,*  527 U.S. 526 (1999);  *Alexander v. Rice*, 208

F. 3d. 419, 432 (3rd Cir. 2000).

45

## PUNITIVE DAMAGES  (Defendant's Submission)

Plaintiff claims that Defendants not only discriminated and retaliated against him because he filed an internal complaint of discrimination, but that Defendants did so with malice or reckless indifference to plaintiff's legally protected rights. The civil rights laws allow, but do not require, the jury to award punitive damages, in order to punish a wrongdoer for extraordinary misconduct, and to warn others against doing the same.  You have discretion to award punitive damages if you should find from a preponderance of the evidence that the plaintiff is entitled to actual damages and if the plaintiff has proved that Defendants' acts were motivated by an "evil motive," or involved a reckless indifference to plaintiff's rights.

The plaintiff is not entitled to punitive damages automatically or as a matter of right. Rather, you must make a judgment about Defendants' conduct and motives.  Specifically, an award of punitive damages would be appropriate in this case only if you first find for plaintiff on one or more of his claims of discrimination or retaliation, and also find the following:

> (1)    a higher management official of Wachovia Securities personally acted with malice or reckless indifference to plaintiff's legally protected rights, and Wachovia Securities authorized or approved such acts; and
> (2)    Wachovia Securities itself did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

Here, Wachovia Securities has presented evidence of its anti-discrimination policies, procedures and training programs.  You must consider whether those policies and programs represent good-faith efforts to comply with the laws against discrimination.  An employer, such as Wachovia Securities, may not be held liable for punitive damages based on discriminatory or retaliatory acts by its managerial employees where those acts are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

If plaintiff has failed to prove both of these elements by a preponderance of the evidence, then Wachovia Securities is not liable for punitive damages. If you do award punitive damages against Wachovia Securities, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy for or dislike of any party in the case.

**Adapted from 3C O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u> § 171.94 (5th ed. 2000) (as modified); 5 L. Sands, et al., <u>Modern Federal Jury Instructions</u>, Instruction 87-35, ¶ 87.01 (1996); 3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice & Instructions</u>, § 104.07 (4th ed. 1987 & Supp. 1995). See <u>Kolstad v. American Dental Ass'n</u>, 527 U.S. 526 (1999); <u>Weissman v. Dawn Joy Fashions, Inc.</u>, 214 F.3d 224, 235-36 (2d Cir. 2000); <u>E.E.O.C. v. Wal-Mart Stores</u>, 187 F.3d 1241, 1248 (10th Cir. 1999); <u>Kerr-Selgas v. American Airlines, Inc.</u>, 69 F.3d 1205, 1214-15 (1st Cir. 1995); <u>Hull v. APCOA/Standard Parking Corp.</u>, 2000 WL 198881, at \*14 (N.D. Ill. Feb. 14, 2000); 42 U.S.C. § 1981a(b)(1).**

NY1 26507975.2

## NOMINAL DAMAGES

If you return a verdict for Plaintiff, but believe that Plaintiff failed to prove actual injury and would be, therefore, not entitled to recover compensatory damages, then you may award Plaintiff nominal damages in the amount of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge a deprivation of a federal right even where no actual injury occurred.

**Plaintiff submits this instruction. Defendants object to this instruction**.

NY1 26507975.2

**DELIBERATION AND VERDICT**

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

49

That concludes the part of my instructions explaining the rules for considering the testimony and evidence.  Now let me finish up by explaining how you may communicate questions or messages to the Court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the Jury Officer.  The question will be given to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally sent to me through the foreperson, who by custom of this Court is juror Number 1.

One more thing about messages.  Do not ever write down or tell anyone else how you stand on your vote.  For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in favor of either party.  You must decide the case yourselves based on the evidence presented.

50

BIGGS AND BATTAGLIA

/s/ Steven F. Mones
Steven F. Mones  (Del. Bar #2611)
921 N. Orange Street
P.O. Box 1489
Wilmington, DE  19899-1489
Tel:  302-655-9677
Fax: 302-655-7924
smones@batlaw.com
Attorneys for Plaintiff

MORRIS JAMES LLP

/s/ James H. McMackin, III
James H. McMackin, III
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Tel:  302-888-5849
Fax: 302-571-1750
jmcmackin@morrisjames.com


SEYFARTH SHAW LLP
Devjani Mishra
Tara S. Williams
620 Eighth Avenue
New York, NY  10018-1405
Tel:  212-218-5510
Fax: 212-218-5526
dmishra@seyfarth.com
tawilliams@seyfarth.com

Attorneys for Defendants


March 31, 2008

NY1 26507975.2