IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------X
                              :
KENNETH S. MITCHELL,          :
                              :
        Plaintiff,            :
                              :   Civil Action No. 06-725 (GMS)
    v.                        :
                              :
WACHOVIA CORPORATION, t/a     :
   WACHOVIA SECURITIES,       :
WACHOVIA SECURITIES, L.L.C.,  :
WACHOVIA SERVICES, INC.,      :
WACHOVIA BANK OF DELAWARE, N.A., :
TODD D. GAUTHIER, LYNN G. MEYER, :
CAROLYN J. BEAM, and          :
DOROTHY A. DIFEBO,            :
                              :
        Defendants.           :
                              :
------------------------------X
```

<b><u>DEFENDANTS' PROPOSED SPECIAL VERDICT FORM</u></b>

Defendants request that the following Special Verdict questions be submitted to the Jury:

**Race and Gender Discrimination**

**QUESTION 1**

Did the Plaintiff prove by a preponderance of the evidence that Wachovia Securities, L.L.C.'s decision to remove him from the Prices Corner branch and keep him in the Capitol Trail branch in December 2004 was an adverse employment action?

____ YES          ____ NO

**If your answer is yes, answer question 2. If your answer is no, skip to question 5.**

## QUESTION 2

Did Wachovia Securities, L.L.C. have a legitimate, non-discriminatory business reason to remove the Plaintiff from the Prices Corner branch and keep him in the Capitol Trail branch?

____ YES        ____ NO

**Continue to Question 3.**


## QUESTION 3

Did the Plaintiff prove by a preponderance of the evidence that Wachovia Securities, L.L.C. intentionally discriminated against him on the basis of his race in removing him from the Prices Corner branch and keeping him in the Capitol Trail branch?

____ YES        ____ NO

**Continue to Question 4.**


## QUESTION 4

Did the Plaintiff prove by a preponderance of the evidence that Wachovia Securities, L.L.C. intentionally discriminated against him on the basis of his gender in removing him from the Prices Corner branch and keeping him in the Capitol Trail branch?

____ YES        ____ NO

**Continue to Question 5.**

### Individual Liability for Race Discrimination

**Answer Questions 5, 6 and 7 only if your answer to Questions 1 and 3 was "yes;" otherwise, skip to Question 8.**

### QUESTION 5

Did the Plaintiff prove by a preponderance of the evidence that Todd Gauthier intentionally discriminated against him on the basis of his race in removing him from the Prices Corner branch and keeping him in the Capitol Trail branch?

____ YES      ____ NO

**Continue to Question 6.**

### QUESTION 6

Did the Plaintiff prove by a preponderance of the evidence that Carolyn Beam intentionally discriminated against him on the basis of his race?

____ YES      ____ NO

**Continue to Question 7.**

### QUESTION 7

Did the Plaintiff prove by a preponderance of the evidence that Dorothy DiFebo intentionally discriminated against him on the basis of his race?

____ YES      ____ NO

**Continue to Question 8.**

### Discriminatory Hostile Work Environment

### QUESTION 8

Did the Plaintiff prove by a preponderance of the evidence that Defendants intentionally created a discriminatory hostile work environment for Plaintiff on the basis of his race?

____ YES      ____ NO

3

**Continue to Question 9.**

## QUESTION 9

Did the Plaintiff prove by a preponderance of the evidence that Defendants intentionally created a discriminatory hostile work environment for Plaintiff on the basis of his gender?

\_\_\_\_ YES          \_\_\_\_ NO

**Continue to Question 10.**

## Retaliation

## QUESTION 10

Did the Plaintiff prove by a preponderance of the evidence that he made a protected complaint of discrimination in January 2005?

\_\_\_\_ YES          \_\_\_\_ NO

**If your answer is yes, answer question 11. If your answer is no, skip to question 14.**

## QUESTION 11

Did the Plaintiff prove by a preponderance of the evidence that Wachovia Securities, L.L.C. took any adverse employment action against him at any time after January 2005?

\_\_\_\_ YES          \_\_\_\_ NO

**If your answer is yes, answer question 12. If your answer is no, skip to question 14.**

## QUESTION 12

Did Wachovia Securities, L.L.C. have a legitimate, non-discriminatory business reason for any adverse employment action that it took against Plaintiff at any time after January 2005?

\_\_\_\_ YES          \_\_\_\_ NO

**Continue to Question 13.**

1724607/1

### QUESTION 13

Did the Plaintiff prove by a preponderance of the evidence that Wachovia Securities, L.L.C. retaliated against him for engaging in protected activity when it took any adverse employment action against him after January 2005?

\_\_\_\_ YES        \_\_\_\_ NO

**Continue to Question 14.**

### Conspiracy

### QUESTION 14

Did the Plaintiff prove by a preponderance of the evidence that Defendants engaged in an unlawful conspiracy?

\_\_\_\_ YES        \_\_\_\_ NO

**Continue to Question 15.**

### Compensatory Damages

### QUESTION 15

**Answer Question 15 only if the answer to Questions 3, 4, 5, 6, 7, 8, 9 or 13 is "Yes." Otherwise, skip to question 18.**

Did the Plaintiff prove that he suffered lost wages as a result of discrimination or retaliation?

\_\_\_\_ YES        \_\_\_\_ NO

**If your answer is yes, answer question 16. If your answer is no, skip to question 18.**

### QUESTION 16

Did Defendants prove that Plaintiff failed to take reasonable steps to mitigate his loss of wages?

\_\_\_\_ YES        \_\_\_\_ NO

**If your answer is yes, skip to question 18. If your answer is no, answer question 17.**

5

## QUESTION 17

What amount of lost wages, if any, do you award to Plaintiff?

$_____

**Continue to Question 18.**

## QUESTION 18

**Answer Question 18 only if the answer to Questions 3, 4, 5, 6, 7, 8, 9, 13 or 14 is "Yes." Otherwise, your deliberations have concluded. Please have the foreperson sign in the space provided below.**

Did the Plaintiff prove by a preponderance of the evidence that he suffered mental distress as a direct result of discrimination, retaliation or conspiracy?

\_\_\_\_ YES          \_\_\_\_ NO

**If your answer is yes, answer question 19. Otherwise, your deliberations have concluded. Please have the foreperson sign in the space provided below.**

## QUESTION 19

What amount of compensatory damages, if any, do you award Plaintiff for the mental distress caused by Defendants?

$_____

**Continue to Question 20.**

## QUESTION 20

Did plaintiff prove by a preponderance of the evidence that Defendants acted with malice or reckless indifference to his rights under federal or state law?

\_\_\_\_ YES          \_\_\_\_ NO

**If your answer is yes, answer question 21. Otherwise, your deliberations have concluded. Please have the foreperson sign in the space provided below.**

1724607/1

## QUESTION 21

Did Wachovia Securities prove that it made a good-faith effort to comply with antidiscrimination laws by implementing policies, programs and procedures designed to prevent such discrimination in the workplace, and by enforcing those policies?

____ YES          ____ NO

**If your answer is no, answer question 22. Otherwise, your deliberations have concluded. Please have the foreperson sign in the space provided below.**


## QUESTION 22

What amount of punitive damages, if any do you award to Plaintiff?

$_____

**Your deliberations are concluded; please have the foreperson sign in the space provided below.**

Signed_____
                Foreperson

1724607/1

MORRIS JAMES LLP

/s/ James H. McMackin
P. Clarkson Collins, Jr. (#739)
pcollins@morrisjames.com
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

SEYFARTH SHAW LLP

David Bennet Ross (admitted *pro hac vice*)
Devjani Mishra (admitted *pro hac vice*)
Tara Smith Williams (admitted *pro hac vice*)
620 Eighth Avenue, Suite 3100
New York, NY 10018
(212) 218-5500

Attorneys for Defendants

Dated: March 31, 2008

1724607/1