IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH S. MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> WACHOVIA CORPORATION, t/a WACHOVIA SECURITIES, WACHOVIA SECURITIES, LLC, WACHOVIA SERVICES, INC., WACHOVIA BANK OF DELAWARE, N.A., TODD D. GAUTHIER, LYNN G. MEYER, CAROLYN J. BEAM, and DOROTHY A. DIFEBO, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 06-725 (GMS) |

**DEFENDANTS' MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE
CONCERNING JAMES FINNEY'S CHARGE OF DISCRIMINATION**

| | |
|---|---|
| P. Clarkson Collins, Jr., (Bar I.D. #739) <br> pcollins@morrisjames.com <br> David H. Williams (Bar I.D. #616) <br> dwilliams@morrisjames.com <br> James H. McMackin, III (Bar I.D. #4284) <br> jmcmackin@morrisjames.com <br><br> MORRIS JAMES LLP <br> 500 Delaware Avenue, Suite 1500 <br> P.O. Box 2306 <br> Wilmington, DE 19899 <br> (302) 888-6800 | David Bennet Ross (admitted *pro hac vice*) <br> dross@seyfarth.com <br> Devjani Mishra (admitted *pro hac vice*) <br> dmishra@seyfarth.com <br> Tara Smith Williams (admitted *pro hac vice*) <br> tawilliams@seyfarth.com <br><br> SEYFARTH SHAW LLP <br> 620 Eighth Avenue <br> New York, New York 10018-1405 <br> (212) 218-5500 |

Dated: March 31, 2008

Attorneys for Defendants

Defendants Wachovia Corporation, Wachovia Securities, LLC, Wachovia Services, Inc. (which merged into Wachovia Shared Resources, LLC, effective January 1, 2006), and Wachovia Bank of Delaware, N.A. (the "Corporate Defendants"), as well as Defendants Todd D. Gauthier ("Gauthier"), Carolyn J. Beam ("Beam"), and Dorothy A. DiFebo ("DiFebo") (the "Individual Defendants") (collectively, "Defendants"), by and through their undersigned counsel respectfully submit this memorandum of law in support of their motion *in limine* for an order precluding Plaintiff Kenneth Mitchell ("Plaintiff" or "Mitchell") from introducing any evidence concerning or referencing at trial any alleged harassment or discrimination of James K. Finney which are neither related to plaintiff, related to the individual defendants in this matter or any other individuals related to this matter, nor proven to have occurred.

Plaintiff has indicated that he intends to offer evidence of a pending employment discrimination claim brought by a Wachovia Bank teller, James Finney ("Finney"), ostensibly to show that Plaintiff was subjected to a hostile work environment at Wachovia's Prices Corner branch office. It is unclear whether Plaintiff will rely on Finney's testimony or on his own testimony about the allegations contained in Finney's EEOC Charge of Discrimination. In either event, the Court should bar this information, both because neither Finney nor Mitchell has any first-hand knowledge concerning the other's claims, and because Finney is not and never has been similarly situated to Plaintiff.

Specifically, Finney and Plaintiff worked for two different Wachovia entities, and did not have the same position, share any manager or supervisor or work in the same chain of command at any time. Finney has never worked for Wachovia Securities, been a Financial Advisor or been assigned or reassigned to any Wachovia Securities branch office. Moreover, Finney asserted no claims against Wachovia Securities or any of the three individually named Defendants in this

1

action, and did not challenge the same conduct or alleged adverse employment actions as Plaintiff does here. Most importantly, Wachovia Bank has never been found liable by a Court, agency or arbitrator for workplace harassment or discrimination against Finney. Therefore, any testimony regarding Finney's alleged claims is irrelevant and more prejudicial than probative of any issue in this case, warranting exclusion of the same.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, under Fed. R. Evid. 403, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Here, the proposed introduction of testimony about alleged harassment which could not have been part of Plaintiff's work environment, and which purportedly was committed by individuals with whom Plaintiff did not work, would be unfairly prejudicial to Defendants and misleading to the jury. In addition, such evidence would lengthen the trial unnecessarily, because Defendants would be required to engage in a mini-trial and present evidence rebutting Finney's claims. This type of evidence might arguably be relevant if it involved the same alleged "bad actors," but such is not the case; instead, introducing Finney's charge would force the trial into increasingly collateral areas with no attendant benefit. Because the proposed evidence neither relates to the conduct challenged here nor involve the same actors, Plaintiff should be barred from offering it. *See W.V. Realty Inc. v. Northern Ins. Co.*, 334 F.3d 306 (3d Cir. 2003) (finding that lower court erred by allowing plaintiff to mention other filed and/or pending lawsuits against defendant, the Court stated that "[t]he jury may well have concluded, in contravention of the strictures of the Rules of Evidence, that the fact that hundreds of other bad

faith lawsuits had been filed against Northern made it more likely that it committed bad faith in this lawsuit."); *Keller v. City of Wilmington*, 2006 U.S. Dist. LEXIS 14136, *2 (D. Del. March 30, 2006) (affirming exclusion of testimony of other City of Wilmington employees alleging discrimination, absent evidence that the employees were exposed to the same decisionmakers as Plaintiffs).

Finally, should Plaintiff not offer Finney as a witness, but only Finney's Charge of Discrimination as an exhibit, that document should be barred as inadmissible hearsay. Indeed, this document represents the most obvious form of hearsay – a statement purportedly made by the declarant (Finney) outside of court. *See* Fed. R. Evid. 801, 802. Nor has the purported exhibit been authenticated by Finney or anyone else. *See* Fed. R. Evid. 901. Under the circumstances, the document is not subject to any recognized hearsay exception and contains no indicia of reliability, and therefore should be excluded from evidence.

Accordingly, the Court should not admit evidence about Finney's discrimination claim against Wachovia either through Finney or Mitchell's testimony or through the admission of Finney's Charge of Discrimination as a trial exhibit.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion *in limine* and exclude any evidence concerning James Finney's Charge of Discrimination.

MORRIS JAMES LLP


    */s/ James H. McMackin*
P. Clarkson Collins, Jr. (#739)
pcollins@morrisjames.com
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

- and -

SEYFARTH SHAW LLP

David Bennet Ross (admitted *pro hac vice*)
Devjani Mishra (admitted *pro hac vice*)
Tara Smith Williams (admitted *pro hac vice*)
620 Eighth Avenue, Suite 3100
New York, NY 10018
(212) 218-5500

Attorneys for Defendants

Dated: March 31, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH S. MITCHELL,<br><br>        Plaintiff,<br><br>        v.<br><br>WACHOVIA CORPORATION, t/a WACHOVIA SECURITIES, WACHOVIA SECURITIES, LLC, WACHOVIA SERVICES, INC., WACHOVIA BANK OF DELAWARE, N.A., TODD D. GAUTHIER, LYNN G. MEYER, CAROLYN J. BEAM, and DOROTHY A. DIFEBO,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 06-725 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Defendants having moved the Court to grant its *Motion In Limine* To Preclude Plaintiff From Introducing Evidence Concerning James Finney's Charge of Discrimination;

Upon consideration of the Motion

IT IS HEREBY ORDERED this _____ day of _____, 2008, that:

Defendants' *Motion In Limine* To Preclude Plaintiff From Introducing Evidence Concerning James Finney's Charge of Discrimination is granted.

 

_____
GREGORY M. SLEET, CHIEF JUDGE
UNITED STATES DISTRICT COURT