IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH S. MITCHELL<br><br>Plaintiff,<br><br>v.<br><br>WACHOVIA CORPORATION, t/a WACHOVIA SECURITIES, WACHOVIA SECURITIES, LLC, WACHOVIA SERVICES, INC., WACHOVIA BANK OF DELAWARE, N.A., TODD D. GAUTHIER, LYNN G. MEYER, CAROLYN J. BEAM, and DOROTHY A. DIFEBO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 06-725 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF'S PSYCHIATRIC WITNESSES
FROM TESTIFYING AS TO THE ULTIMATE CAUSE
OF PLAINTIFF'S ALLEGED DISTRESS**

P. Clarkson Collins, Jr., (Bar I.D. #739)
pcollins@morrisjames.com
David H. Williams (Bar I.D. #616)
dwilliams@morrisjames.com
James H. McMackin, III (Bar I.D. #4284)
jmcmackin@morrisjames.com

MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6800

David Bennet Ross (admitted *pro hac vice*)
dross@seyfarth.com
Devjani Mishra (admitted *pro hac vice*)
dmishra@seyfarth.com
Tara Smith Williams (admitted *pro hac vice*)
tawilliams@seyfarth.com

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Dated: March 31, 2008

Attorneys for Defendants

Defendants Wachovia Corporation, Wachovia Securities, LLC, Wachovia Services, Inc. (which merged into Wachovia Shared Resources, LLC, effective January 1, 2006), and Wachovia Bank of Delaware, N.A. (the "Corporate Defendants"), as well as Defendants Todd D. Gauthier ("Gauthier"), Carolyn J. Beam ("Beam"), and Dorothy A. DiFebo ("DiFebo") (the "Individual Defendants") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this brief in support of their motion *in limine* for an order precluding Plaintiff Kenneth Mitchell ("Plaintiff" or "Mitchell") from introducing any testimony from Plaintiff's psychiatric experts that alleged unlawful harassment, discrimination or retaliation caused him any emotional damage.

Plaintiff seeks to offer testimony at trial from two psychiatrists, Dr. Frederick Kozma and Dr. Jorge Pereira-Ogan, both of whom completed psychiatric evaluations of Plaintiff. Based on the records produced, it appears that both doctors saw Plaintiff in the capacity of treating physicians beginning in 2005. Dr. Jorge Pereira-Ogan's "Initial Psychiatric Evaluation," in particular, contains a "Diagnosis" which reads, "Axis IV: victim of discrimination at work." To the extent that these doctors seek to testify as expert witnesses, opine that Plaintiff suffers from emotional distress and that such distress explicitly was caused, in whole or in part, by alleged harassment, discrimination or retaliation by Defendants, such testimony should be barred for the reasons discussed below.

To the extent that either Dr. Kozma or Dr. Pereira-Ogan's testimony will include any legal conclusion about the events at Mitchell's workplace, it should be excluded because there is no established scientific link between any "psychiatric test" that Dr. Pereira-Ogan performed and a conclusion that unlawful harassment or discrimination occurred. Importantly, a finding of discrimination is not a scientific concept, but a legal term. However, the *Daubert* test requires

that an expert testify based on scientific knowledge, premising his or her opinion on the "methods and procedures of science," rather than on "subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). The expert must have "good grounds" for his or her belief, *id.*, and not rely solely on information or speculation provided to him by the plaintiff. A finding that a witness is qualified as a medical expert should not, by itself, support admission of opinion evidence that is not based on reasonable medical probability or certainty. Therefore, both Dr. Pereira-Ogan and Dr. Kozma's testimony should be limited to what they personally observed and *medically* concluded about Plaintiff's mental state at the time of their evaluations. As such, any testimony linking plaintiff's psychiatric test results to past harassment, discrimination or retaliation must be excluded at trial.

Moreover, in performing its required role as gatekeeper, this Court, under Rule 702, must ask whether the proffered expert opinion will "assist the trier of fact to *understand the evidence or to determine a fact in issue.*" *See* Fed. R. Evid. 702. An expert opinion does not "assist the trier of fact" when the opinion's "probative value is substantially outweighed by the risk of (a) unfair prejudice, confusion of the issues, or misleading the jury..." *See* Fed. R. Evid. 702, 403. Questions of law – such as whether "harassment" occurred – as distinct from questions of fact – such as whether Wachovia Securities treated other Financial Analysts similarly to Plaintiff – are for the court alone and are not appropriate objects of expert testimony. Accordingly, to the extent that any testimony by Dr. Kozma and Dr. Pereira-Ogan is intended to help Plaintiff establish a legal conclusion – that he was the victim of unlawful harassment, discrimination, and retaliation – it should be barred.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion *in limine* and preclude Dr. Kozma and Dr. Pereira-Ogan from opining that Plaintiff was the victim of harassment, discrimination or retaliation.

MORRIS JAMES LLP

*/s/ James H. McMackin*
P. Clarkson Collins, Jr. (#739)
pcollins@morrisjames.com
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

- and -

SEYFARTH SHAW LLP

David Bennet Ross (admitted *pro hac vice*)
Devjani Mishra (admitted *pro hac vice*)
Tara Smith Williams (admitted *pro hac vice*)
620 Eighth Avenue, Suite 3100
New York, NY 10018
(212) 218-5500

Attorneys for Defendants

Dated: March 31, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH S. MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> WACHOVIA CORPORATION, t/a WACHOVIA SECURITIES, WACHOVIA SECURITIES, LLC, WACHOVIA SERVICES, INC., WACHOVIA BANK OF DELAWARE, N.A., TODD D. GAUTHIER, LYNN G. MEYER, CAROLYN J. BEAM, and DOROTHY A. DIFEBO, <br><br> Defendants. | Case No. 06-725 (GMS) |

## ORDER

Defendants having moved the Court to grant its *Motion In Limine* To Preclude Plaintiff's Psychiatric Witnesses From Testifying As to The Ultimate Cause of Plaintiff's Alleged Distress;

Upon consideration of the Motion

IT IS HEREBY ORDERED this _____ day of _____, 2008, that:

Defendants' *Motion in Limine* To Preclude Plaintiff's Psychiatric Witnesses From Testifying As to The Ultimate Cause of Plaintiff's Alleged Distress is granted.

_____
GREGORY M. SLEET, CHIEF JUDGE
UNITED STATES DISTRICT COURT