IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH S. MITCHELL,<br><br>        Plaintiff,<br><br>v.<br><br>WACHOVIA CORPORATION, t/a WACHOVIA SECURITIES, WACHOVIA SECURITIES, LLC, WACHOVIA SERVICES, INC., WACHOVIA BANK OF DELAWARE, N.A., TODD D. GAUTHIER, LYNN G. MEYER, CAROLYN J. BEAM, and DOROTHY A. DIFEBO,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 06-725 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION *IN LIMINE***
**TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S ECONOMIC EXPERT**

P. Clarkson Collins, Jr., (Bar I.D. #739)
pcollins@morrisjames.com
David H. Williams (Bar I.D. #616)
dwilliams@morrisjames.com
James H. McMackin, III (Bar I.D. #4284)
jmcmackin@morrisjames.com

MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

Dated: March 31, 2008

David Bennet Ross (admitted *pro hac vice*)
dross@seyfarth.com
Devjani Mishra (admitted *pro hac vice*)
dmishra@seyfarth.com
Tara Smith Williams (admitted *pro hac vice*)
tawilliams@seyfarth.com

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants

1724626/1

Defendants Wachovia Corporation, Wachovia Securities, LLC, Wachovia Services, Inc. (which merged into Wachovia Shared Resources, LLC, effective January 1, 2006), and Wachovia Bank of Delaware, N.A. (the "Corporate Defendants"), as well as Defendants Todd D. Gauthier ("Gauthier"), Carolyn J. Beam ("Beam"), and Dorothy A. DiFebo ("DiFebo") (the "Individual Defendants") (collectively, "Defendants"), by and through their undersigned counsel respectfully submit this memorandum of law in support of their motion *in limine* for an order precluding Plaintiff Kenneth Mitchell ("Plaintiff" or "Mitchell") from introducing any evidence or referencing at trial conclusions in the Economic Analysis performed by Robert F. Minnehan, Ph.D., all of which are based, in large part, on Mitchell's self-serving speculations and assumptions of the amount of commissions he should have earned in 2005.

Plaintiff will rely on the report of Robert F. Minnehan, Ph.D. ("Minnehan") to argue that "probable and potential loss value" for Plaintiff resulting from Defendants' discrimination, harassment and retaliation totals $745,857. Because the "data" on which Minnehan relies are nothing more than unsupported assumptions provided to him by Plaintiff, and because such assumptions will confuse rather than assist the trier of fact, the Court should bar Plaintiff from introducing or referencing Minnehan's conclusions at trial.

"In making the decision to exclude evidence, the court must balance the need for the challenged evidence against the risk that it will confuse the jury and delay trial." *Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 604, 611 (D. Del. 2007). With regard to expert testimony, this Court must follow *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 600 (1993), the Supreme Court found that FRE 702 "confides to the judge some gate keeping responsibility in deciding questions of the admissibility of proffered expert testimony." The Third Circuit in turn has interpreted *Daubert* to require district courts to ensure that the

methodology upon which the expert opinion is based is reliable; that is, that the expert's conclusion is premised upon the methods and principles of science. *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 732 (3rd Cir. 1994) (Paoli II), *cert. denied sub nom.*, 115 S. Ct. 1253 (1995). Only where an expert has "good grounds" for his testimony, thus basing his opinion on the "methods and procedures of science" *rather than on "subjected belief or unsupported speculation,"* may that evidence be deemed sufficiently reliable. *Paoli II*, 35 F.3d at 742 (emphasis added) (quoting *Daubert*, 113 S. Ct. at 2795); *Finch v. Hercules Inc.*, 941 F. Supp. 1395, 1415 (D. Del. 1996).

Here, Minnehan does no more than extrapolate from Mitchell's self-serving speculation as to what he should have earned in 2005. Specifically, Minnehan accepts as an assumption Mitchell's own representation that he would have had gross commission value of $350,000 in 2005 (a 19% increase over his best year), without any test of that assumption. Because Minnehan's report is based primarily on this unsupported and self-serving assertion, it does not rely on facts of the type reasonably relied upon by experts in the field, as required by FRE 703, and Minnehan's report fails to meet the standard set forth in *Daubert* and *Paoli II*.

Further, Minnehan's report fails to take obvious factors into account, and indeed does not seem to acknowledge them. For example, Minnehan assumes that the "reassignment" in December 2004 caused "a substantial decrease in Mr. Mitchell's 'production,'" and adds that it was "complicated by the closing of Capitol Trail in October 2006." Indeed, these speculative conclusions ignore that this decrease could have resulted from Plaintiff working less effectively at Capitol Trail because he did not want to be there, or that Plaintiff being distracted from work due to personal issues, or the overall market available to Plaintiff simply declining. Minnehan also appears to ignore that Plaintiff had limited production at Prices Corner throughout the time

he was assigned there, and makes his projections without knowledge of whether Plaintiff was a relatively low, medium, or high producer as compared to the arbitrarily selected and unknown ten comparators.

Similarly, the purportedly scientific methods used by Minnehan are entirely unexplained and appear unreasonable. For example, according to the report, the data used to calculate growth of commission earning was either arbitrarily selected or based on a Yahoo.com article about Wachovia General Bank's "core deposit growth," which is both hearsay and irrelevant. Nor does Minnehan explain how he converted the "Deficit in Gross Commissions" (Table 1) into future potential payout loss; instead, he simply said it was "complicated." Likewise, Minnehan does not explain the assumption of "big improvement" in payout ratio (50%) for 2008 going forward. Finally, Minnehan does not explain why he added 5% to the Fed Discount Rate to calculate back pay, and then decreased to 6% for front pay discounting. This methodology is highly questionable, particularly in light of the current economic state and the instability of the market in the short term, and Minnehan does not ground his report in any accepted economic approach. In short, it is highly doubtful that Minnehan's conclusions are "the product of reliable principles and methods" as required by FRE 702 and *Daubert*.

Assuming *arguendo* that the Court regards Minnehan's report to be sufficiently reliable, it should nevertheless be excluded for its potential to mislead. "Even where expert evidence meets the parameters of FRE 702, it still must satisfy FRE 403, which mandates that a district court consider whether the admission of proffered testimony might confuse or overwhelm the jury." *Paoli II*, 35 F.3d at 747. Therefore, "the balancing test of probative versus judicial value of evidence under Rule 403 is particularly significant when evaluating expert testimony." *Id.* Here, the *subjective belief or unsupported speculation* that permeates Minnehan's report will

undoubtedly confuse rather than assist the trier of fact to understand the evidence or determine any fact at issue.

Accordingly, the Court should not admit conclusions from Minnehan's report because it is based on unreliable assumptions and methods, and will confuse the trier of fact.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion *in limine* and preclude Plaintiff from offering economic expert testimony at trial.

MORRIS JAMES LLP

/s/ James H. McMackin, III
P. Clarkson Collins, Jr. (#739)
pcollins@morrisjames.com
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

- and -

SEYFARTH SHAW LLP

David Bennet Ross (admitted *pro hac vice*)
Devjani Mishra (admitted *pro hac vice*)
Tara Smith Williams (admitted *pro hac vice*)
620 Eighth Avenue, Suite 3100
New York, NY 10018
(212) 218-5500

Attorneys for Defendants

Dated: March 31, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH S. MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> WACHOVIA CORPORATION, t/a WACHOVIA SECURITIES, WACHOVIA SECURITIES, LLC, WACHOVIA SERVICES, INC., WACHOVIA BANK OF DELAWARE, N.A., TODD D. GAUTHIER, LYNN G. MEYER, CAROLYN J. BEAM, and DOROTHY A. DIFEBO, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 06-725 (GMS) |

## ORDER

Defendants having moved the Court to grant its *Motion In Limine* To Preclude The Testimony of Plaintiff's Economic Expert;

Upon consideration of the Motion

IT IS HEREBY ORDERED this _____ day of _____, 2008, that:

Defendants' *Motion In Limine* To Preclude The Testimony of Plaintiff's Economic Expert is granted.

_____
GREGORY M. SLEET, CHIEF JUDGE
UNITED STATES DISTRICT COURT