IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH S. MITCHELL,           ) | |
|           Plaintiff,      ) | |
| )                                              | |
| v.                                         ) | C.A. No. 06-725 (GMS) |
| )                                              | |
| WACHOVIA CORPORATION, t/a    ) | JURY TRIAL DEMANDED |
|    WACHOVIA SECURITIES,        ) | |
| WACHOVIA SECURITIES, L.L.C.,    ) | |
| WACHOVIA SERVICES, INC.,          ) | |
| WACHOVIA BANK OF DEL, N.A.,    ) | |
| TODD D. GAUTHIER,                     ) | |
| CAROLYN J. BEAM, and               ) | |
| DOROTHY A. DIFEBO,                   ) | |
|           Defendants.  ) | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE
TO LIMIT TESTIMONY OF PLAINTIFF'S PSYCHIATRIC EXPERTS

BIGGS AND BATTAGLIA
Victor F. Battaglia, Sr. (Del. Bar #156)
Steven F. Mones (Del. Bar #2611)
921 N. Orange Street
P.O. Box 1489
Wilmington, DE  19899-1489
Tel:  302-655-9677
Fax:  302-655-7924
smones@batlaw.com
Attorneys for Plaintiff

April 10, 2008

Plaintiff Kenneth S. Mitchell responds as follows to defendants' motion in limine seeking to limit the scope of trial testimony plaintiff's psychiatric experts:

Plaintiff, a Financial Advisor employed by the Wachovia defendants, is pursuing claims of race and gender discrimination, and other related claims, under federal and state law. Trial is scheduled to commence on May 12, 2008.

Among the witnesses plaintiff identified for trial are Jorgé Pereira-Ogan, M.D., his treating psychiatrist, and Frederick Kozma, Ph.D., his treating psychologist. Both of these mental health professionals are expected to testify that plaintiff developed depression and anxiety related to his work situation at Wachovia. Defendants seek to bar these experts from testifying "that alleged unlawful harassment, discrimination or retaliation caused him any emotional damage." Defendants' Motion at 2. Plaintiff submits that defendants' objections go to the weight of the evidence, not to the admissibility of the evidence, and hence, should be denied.

The Court's evaluation of this motion in limine is governed by *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). That case, addressing the admissibility of expert testimony under the Federal Rules of Evidence, developed the concept of the trial court serving as the "gatekeeper" for evaluating the admissibility of expert testimony. *Id*. at 592-593. There are no black-and-white rules for evaluating the admissibility of expert testimony. However, consistent with the Federal Rules of Evidence (particularly Rule 702), key factors include the qualifications and experience of the expert, whether the evidence is reliable, and whether the evidence will assist the trier of fact in evaluating the issues in the case. *Id.* at 591-593.

In this case, plaintiff is seeking to offer testimony of two mental health professionals who: (a) have diagnosed conditions that are relevant to the issues in this case; (b) have opinions concerning the causation of the diagnoses that are relevant to the issues in this case; and (c) are

2

continuing to treat plaintiff for the conditions that they believe are causally related to the issues in this case.

Unlike a situation involving a surgeon utilizing a x-ray film to illustrate a fracture to the jury, the nature of mental health means that psychiatrists and psychologists cannot utilize such demonstrative evidence routinely. That does not mean, however, that they are not qualified to give expert opinions in cases or to offer such opinions to a jury. *See, e.g.*, *Forest Laboratories, Inc. v. IVAX Pharmaceuticals, Inc.*, 237 F.R.D. 106, 111-112 (D.Del. 2006) (clinical psychiatrist permitted to offer expert opinions as to physician prescription writing practices).

Defendants appear to object to Drs. Pereira-Ogan and Kozma offering "legal conclusions" about the circumstances of plaintiff's employment with Wachovia. Plaintiff believes this fear is unfounded and based on a misconception of the nature of the testimony.

Defendants concede that plaintiff first sought mental health care in 2005 (Defendants' Motion at 2), which is after the manifestation of discriminatory conduct alleged by plaintiff (commenced in 2003, and escalated in 2004). Defendants can point to no mental health care sought by plaintiff prior to the events at issue in this case. Defendants can also point to no other reason for plaintiff to have sought mental health care at that time. In effect, defendants seek to bar the mental health professionals from testifying about why they are treating plaintiff despite the complete absence of any explanation other than the experiences plaintiff underwent at his employment with Wachovia.

Defendants' position also ignores the fact that plaintiff himself is able to offer testimony about why he sought mental health care. He may not be able to offer expert diagnoses of depression or anxiety through his own testimony, but he can certainly testify that he *felt* depressed and anxious and believed he needed professional help.

3

Psychiatric testimony is routine in cases involving claims of injuries, and juries are free to give such testimony whatever weight they deem appropriate. *Haas v. Wyoming Valley Health Care Sys.*, 2007 WL 465118l, mem. op., Caputo, D.J. (M.D.Pa. Feb. 8, 2007) (copy attached as Exhibit-1) (psychiatrist able to testimony about conditions imposed on plaintiff based on his "specialized knowledge of psychiatric conditions"); *Eck v. Yellow Transp., Inc.*, 2006 WL 5116705, mem. order, Hart, M.J. (E.D.Pa. Oct. 16, 2006) (copy attached as Exhibit-2) (defendant's objections to psychiatrist's testimony went to weight of evidence).

Moreover, plaintiff is *required* to offer psychiatric testimony in order to support his claims of depression and anxiety. *See, e.g.*, *Schatzman v. Martin Newark Dealership, Inc.*, 233 F.Supp.2d 620, 624 (D.Del. 2002) (Court noted that plaintiff did not offer psychiatric testimony to support claims of depression and emotional distress).

Plaintiff is not offering Drs. Pereira-Ogan and Kozma as eyewitnesses to discriminatory acts, but rather as experts to testify about plaintiff's perception of the conduct and the effects on his health (which is the fundamental nature of psychiatry and psychology). Plaintiff's perceptions are clearly admissible, and as mental health professionals, Drs. Pereira-Ogan and Kozma spend their lives dealing with, and analyzing, their patients' perceptions.

Defendants argue that the testimony of Drs. Pereira-Ogan and Kozma "should be limited to what they personally observed and *medically* concluded about plaintiff's mental status." Defendants' Motion at 3 (emphasis in original). Mental health professionals, like other health care professionals, cannot simply recite a medical conclusion without grounds. This is perfectly illustrated by defendants' own example, at page 2 of their motion, where they recite Dr. Pereira-Ogan's diagnosis of "Axis IV: victim of discrimination at work." Dr. Pereira-Ogan will be able to explain to the jury what "Axis IV" means, its relationship to the conduct as reported by

4

plaintiff, the relationship to the clinical observations he made, and the professional impressions he drew, from his sessions with plaintiff. That is part and parcel of psychiatric practice, and one cannot, as defendants suggest, limit a mental health professional to testify about a medical conclusion without delving into the facts underlying the conclusion.

Psychiatric testimony is routine in this Court, and it is no more likely to confuse a jury than any other area of expert testimony. Testimony by Drs. Pereira-Ogan and Kozma is permissible under Rule 702 because it is precisely the type of probative testimony that will clarify the issues for the jury and explain the effects on plaintiff. Defendants will have a full opportunity to cross-examine the experts so as to challenge the expert opinions and the grounds therefore, including the factual bases of their opinions, just as in any other case dealing with expert testimony. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

Therefore, plaintiff respectfully requests that the Court deny defendants' motion in limine seeking to limit the testimony of Drs. Pereira-Ogan and Kozma.

BIGGS AND BATTAGLIA

/s/ Steven F. Mones
Steven F. Mones (Del. Bar #2611)
921 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899-1489
Tel: 302-655-9677
Fax: 302-655-7924
smones@batlaw.com

April 10, 2008              Attorneys for Plaintiff Kenneth S. Mitchell

5

# EXHIBIT 1

# Westlaw.

Slip Copy  
Slip Copy, 2007 WL 465118 (M.D.Pa.)  
(Cite as: Slip Copy)

Page 1

Haas v. Wyoming Valley Health Care System  
M.D.Pa.,2007.  
Only the Westlaw citation is currently available.  
United States District Court,M.D. Pennsylvania.  
Jonathan HAAS, M.D., Plaintiff,  
v.  
WYOMING VALLEY HEALTH CARE SYSTEM, Defendant.  
Civil Action No. 3:03-CV-1966.

Feb. 8, 2007.

David Paul Tomaszewski, Kimberly D. Borland, Borland and Borland, L.L.P, Wilkes-Barre, PA, Tiffany M. Quick, Minneapolis, MN, for Plaintiff.  
Philip G. Kircher, Debra S. Friedman, Cozen and O'Connor, Philadelphia, PA, for Defendant.

## MEMORANDUM

A. RICHARD CAPUTO, United States District Judge.

*1 Before me is Plaintiff's Motion in Limine to Exclude the Testimony of David Shulkin, M.D. and David DiGiacomo, M.D. (Doc. 62). Plaintiff contends the testimony of both proffered experts fails to satisfy Rule 702 of the Federal Rules of Evidence which states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of this case.

F.R.E. 702.

Plaintiff likewise claims they fail to meet the requirements of *Daubert & Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592 (1993) and cases decided thereafter and thereunder. In performing the gate-keeping function proscribed by *Daubert,* this court is to determine whether the proffered expert is qualified, whether the testimony is relevant, whether it is reliable, and whether it fits, *United States v. Downing,* 753 F.2d 1224, 1226 (3d Cir.1985). This "fit" requirement was explicitly adopted by the U.S. Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 591 (1993).

Both Dr. Shulkin and Dr. DiGiacomo are qualified by their education and experience to testify on the subjects contained in this report. The fact that Dr. Shulkin has no knowledge of the availability of orthopedic surgeons to accompany Plaintiff in the operating room is of no moment. The unavailability does not obviate what might otherwise be an appropriate determination in the credentialing process. Dr. Shulkin's specialized knowledge regarding administration, credentialing, quality of care and patient safety are adequate to qualify him to offer the opinions he offers. The fact that he has no specific training or knowledge of the medical conditions experienced by Plaintiff is not necessary to his qualification.

Dr. DiGiacomo is also qualified. His training and experience in psychiatry qualify him to opine on the conditions imposed on Plaintiff because of his specialized knowledge of psychiatric conditions.

Both experts have relevant testimony to offer that will assist the trier of fact. With respect to both experts there is a "valid ... connection to the pertinent inquiry ..."*Daubert* 509 U.S. at 592. It is clear that the testimony concerns the process of credentialing, covers concern over patient safety in balance with an individual's privileges to practice medicine, and measures the appropriate consideration of such concerns with the medical condition in the case of the Plaintiff. Each of the proffered expert's testimony covers a component of each of these areas of "pertinent inquiry".

Moreover, for all of the reasons noted on relevance, I conclude that the proffered testimony is reliable and that the proffered testimony fits the case.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 465118 (M.D.Pa.)
**(Cite as: Slip Copy)**

Page 2

*2 Many of the Plaintiff's arguments go to the credibility of these witnesses, and are appropriate inquiry for cross examination. I include in this classification the completeness of review (there seems to be a dispute about whether Dr. DiGiacomo received Dr. Felins letter and Dr. Mazza's note) and the particular specialties, or lack thereof, of the two doctors.

Accordingly, Plaintiff's motion will be denied.

Plaintiff has asked that he be granted thirty (30) days to secure an expert opposing Dr. Shulkin and Dr. DeGiacomo. While I will grant the extension, expert discovery should be completed in accordance with the Case Management Order regardless of a party's contention that the opposition's experts should not be permitted to testify.

An appropriate Order follows.

### ORDER

NOW, this *8th* day of February, 2007, IT IS HEREBY ORDERED that Plaintiff's Motion in Limine to Exclude the Testimony of David Shulkin, M.D. and David DiGiacomo, M.D. (Doc. 61) is **DENIED.**

IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days from the date of this Order to obtain a report from a rebuttal expert.

M.D.Pa.,2007.
Haas v. Wyoming Valley Health Care System
Slip Copy, 2007 WL 465118 (M.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 2

# Westlaw

Slip Copy
Slip Copy, 2006 WL 5116705 (E.D.Pa.)
(Cite as: Slip Copy)

Page 1

Eck v. Yellow Transp., Inc.
E.D.Pa.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
Jon M. ECK and James T. Eck, as Co-Executors of
the Estates of Margaret M. and George Eck,
Deceased, and in their own right
v.
YELLOW TRANSPORTATION, INC.
Civil Action No. 05-6716.

Oct. 16, 2006.

Named Expert: Dr. Timothy J. Michals, M.D.

Erik K. Vogel, Steven G. Wigrizer, Wapner Newman Wigrizer & Brecher P.C., Philadelphia, PA, for Jon M. Eck and James T. Eck.

### MEMORANDUM AND ORDER

JACOB P. HART, United States Magistrate Judge.

*1 This case involves a motor vehicle accident which resulted in the deaths of George and Margaret Eck, and Lloyd Jordan, the driver of the Defendant's tractor. The Defendant has filed a Motion in Limine to preclude the expert report and expert testimony of Timothy J. Michals, M.D., a psychiatrist, who opines that "it was not reasonable for Mr. Jordan to be safely employed as a truck driver," and "[h]is erratic driving pattern and its duration is consistent with being a product of his Delusional Disorder."(Michals' Report, at 13).

The admissibility of an expert opinion is governed by Federal Rule of Evidence 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).Federal Rule of Evidence 702 states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

F.R.E. 702. In *Daubert,* the Supreme Court entrusted gate-keeping responsibility to the trial court to prevent the introduction of purported expert testimony reached without proper scientific foundation. *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 743 (3d Cir.1994); *Elcock v. Kmart Corp.,* 233 F.3d 734, 744 (3d Cir.2000) (citing *Kumho Tire v. Carmichael,* 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).

In its motion, the Defendant argues that Dr. Michals' conclusions are contrary to the conclusion of the defense expert, are inconsistent with an ECM module (a computer tracking device) located in Mr. Jordan's tractor, inconsistent with the testimony of Plaintiff's treating psychiatrist and co-workers, and unreliable because Dr. Michals never had the opportunity to conduct a psychiatric examination on Mr. Jordan. These arguments implicate the weight to be given to Dr. Michals' opinion and are the proper subjects of cross-examination. The arguments do not render Dr. Michals' report and testimony inadmissible. In his report, Dr. Michals explains how the evidence he reviewed supports the conclusions he reached. It is properly for the fact finder to determine what weight the opinions Dr. Michals expresses should be given.

An appropriate Order follows.

### ORDER

AND NOW, this 16th day of October, 2006, upon consideration of the Defendant's Motion in Limine to preclude the testimony and report of Timothy J. Michals, M.D., the response, thereto, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED.

E.D.Pa.,2006.
Eck v. Yellow Transp., Inc.
Slip Copy, 2006 WL 5116705 (E.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.