IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH S. MITCHELL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-725 (GMS) |
| | ) |
| WACHOVIA CORPORATION, t/a WACHOVIA SECURITIES, WACHOVIA SECURITIES, LLC, WACHOVIA SERVICES, INC., WACHOVIA BANK OF DELAWARE, N.A., TODD D. GAUTHIER, LYNN G. MEYER, CAROLYN J. BEAM, and DOROTHY A. DIFEBO, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF'S PSYCHIATRIC WITNESSES
FROM TESTIFYING AS TO THE ULTIMATE CAUSE
OF PLAINTIFF'S ALLEGED DISTRESS**

P. Clarkson Collins, Jr., (Bar I.D. #739)
pcollins@morrisjames.com
David H. Williams (Bar I.D. #616)
dwilliams@morrisjames.com
James H. McMackin, III (Bar I.D. #4284)
jmcmackin@morrisjames.com

MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6800

Dated: April 17, 2008

David Bennet Ross (admitted *pro hac vice*)
dross@seyfarth.com
Devjani Mishra (admitted *pro hac vice*)
dmishra@seyfarth.com
Tara Smith Williams (admitted *pro hac vice*)
tawilliams@seyfarth.com

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants

NYI 26510473.1

Defendants, by and through their undersigned counsel, respectfully submit this reply brief in further support of their motion *in limine* for an order precluding Plaintiff Kenneth Mitchell ("Plaintiff" or "Mitchell") from introducing any testimony from Plaintiff's psychiatric experts that alleged unlawful harassment, discrimination or retaliation caused him any emotional damage.

Plaintiff's Response in Opposition to Defendants' Motion in Limine to Limit Testimony of Plaintiff's Psychiatrists (Pl. Br.) entirely misinterprets the instant motion. Defendants' Motion *in limine* to limit the testimony of Dr. Frederick Kozma and Dr. Jorge Pereira-Ogan focuses only on barring the doctors from opining or testifying that Plaintiff was the victim of harassment, discrimination or retaliation, all of which are legal conclusions. Defendants are not seeking to bar testimony by either Dr. Kozma or Dr. Pereira-Ogan that goes to his mental health status, assuming that such testimony falls within their purview as professionals and is based on a proper foundation. Dr. Kozma and Dr. Pereira-Ogan should not, however, be allowed to "diagnose" Plaintiff as a "victim of discrimination at work," or testify that any one of those *legal* theories caused him emotional harm.

It is beyond cavil that whether Plaintiff was a victim of harassment, discrimination or retaliation "is a question of law to be decided by the court as a matter of law, rather than by expert opinion." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004) (citation omitted). The Federal Rules of Evidence clearly forbid expert testimony as to legal conclusions. *See* Fed. R. Evid. 704. "Such ultimate issues are matters for the trier of fact alone." *Id.*

Notwithstanding this well-settled rule, Plaintiff seeks to offer into evidence Dr. Pereira-Ogan's "Initial Psychiatric Evaluation," which contains a "Diagnosis" of "Axis IV: victim of *discrimination* at work," or to have both Dr. Kozma and Dr. Pereira-Ogan testify that Plaintiff's

1

NY1 26510473.1

alleged mental conditions resulted from harassment, discrimination or retaliation by Defendants. This legal conclusion supplants the jury's proper role, and therefore should be barred. *See P&G v. Teva Pharms. USA, Inc.*, No. 04-940 (JJF), 2006 U.S. Dist. LEXIS 54260, at *3-4 (D. Del. Aug. 4, 2006)[1] (striking section of the expert's report containing opinions on substantive patent law and legal conclusions as inadmissible), *Watkins v. New Castle County*, 374 F. Supp. 2d 379, 392-393 (D. Del. 2005) (precluding expert from giving opinions containing legal conclusions as "unhelpful to the jury").

Moreover, this testimony should be excluded because there is no established scientific link between a psychiatric evaluation and proof of prior workplace harassment or discrimination. In fact, "harassment," "discrimination" and "retaliation" are not psychological diagnoses at all and certainly are not conditions listed in the DSM-IV. Therefore, any testimony by these experts to the extent Plaintiff was subject to harassment, discrimination or retaliation, which are not medical or scientific concepts, inherently would not be "based upon sufficient facts or data . . . [or] the product of reliable principles and methods," as required by Fed. R. Evid. 702. Accordingly, Dr. Kozma and Dr. Pereira-Ogan's testimony should be limited to only medical conclusions based on reliable principles, not legal or unscientific conclusory statements, and any testimony linking Plaintiff's present emotional condition to past unlawful harassment, discrimination, or retaliation should be excluded.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion *in limine* and preclude Dr. Kozma and Dr. Pereira-Ogan from opining that Plaintiff was the victim of harassment, discrimination or retaliation.

---

[1] The unreported opinion is attached.

MORRIS JAMES LLP

_____
P. Clarkson Collins, Jr. (#739)
pcollins@morrisjames.com
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800


SEYFARTH SHAW LLP

David Bennet Ross (admitted *pro hac vice*)
Devjani Mishra (admitted *pro hac vice*)
Tara Smith Williams (admitted *pro hac vice*)
620 Eighth Avenue, Suite 3100
New York, NY  10018
(212) 218-5500

Attorneys for Defendants

Dated:  April 17, 2008

LEXSEE 2006 U.S. DIST. LEXIS 54260

THE PROCTER & GAMBLE COMPANY, Plaintiff, v. TEVA PHARMACEUTICALS USA, INC., Defendant.

Civil Action No. 04-940-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2006 U.S. Dist. LEXIS 54260

August 4, 2006, Decided

**SUBSEQUENT HISTORY:** Motion granted by *P&G v. Teva Pharms. USA, Inc., 2006 U.S. Dist. LEXIS 54300 (D. Del., Aug. 4, 2006)*

**COUNSEL:** [*1] For The Procter & Gamble Company, Plaintiff: Frederick L. Cottrell, III, Steven J. Fineman, Richards, Layton & Finger, Wilmington, DE.

For Teva Pharmaceuticals U.S.A., Inc., Defendant: Adam Wyatt Poff, Josy W. Ingersoll, Young, Conaway, Stargatt & Taylor, Wilmington, DE.

**JUDGES:** Joseph J. Farnan Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan Jr.

**OPINION**

*MEMORANDUM ORDER*

Pending before the Court is Defendant Teva Pharmaceuticals USA, Inc.'s Motion To Preclude The Testimony Of Plaintiff's Patent Law Expert (D.I. 69). For the reasons discussed, the Motion will be granted in part and denied in part.

**I. BACKGROUND**

In this patent infringement case, Defendant argues that Plaintiff's patent, U.S. Patent No. 5,583,122 ("the '122 patent") is invalid because of obviousness-type double patenting. Plaintiff submitted the Rebuttal Expert Report of Jerry D. Voight in response to Defendant's Expert Report of George R. Lenz, Ph.D., to address patent interference practices and whether the one-way or two-way test should be used for determining obviousness-type double patenting in this case. (D.I. 70 Ex. A). On July 6, 2006, Defendant filed the instant Motion to preclude [*2] Plaintiff from proffering Mr. Voight's testimony on any of the opinions set forth in his expert report. (D.I. 69). Defendant contends that Mr. Voight's testimony would exceed the scope permitted by the Court because it will include legal conclusions and goes beyond the practices and procedures of the U.S. Patent and Trademark Office (PTO). (D.I. 69 at 3). In Response, Plaintiff contends that Mr. Voight's expert testimony is within the parameters permitted by the Court because it includes the workings of the PTO and the prosecution history in this case. (D.I. 74). Plaintiff's answering brief included an Amended Rebuttal Expert Report of Jerry D. Voight, removing certain legal conclusions, and now contends that Defendant's concerns are moot. [1] (D.I. 74 Ex. A).

1 For the purposes of its review of this Motion, the Court considers only the Amended Rebuttal Expert Report of Jerry D. Voight (D.I. 74 Ex. A).

**II. DISCUSSION**

A court has broad discretion to admit or exclude evidence under the *Federal Rules [*3] of Evidence. Gumbs v. Int'l Harvester, Inc., 718 F.2d 88, 97 (3d Cir. 1983). Federal Rule of Evidence 702* states that

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

Case 1:06-cv-00725-GMS    Document 72-2    Filed 04/17/2008    Page 2 of 2

Page 2
2006 U.S. Dist. LEXIS 54260, *3

qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Fed. R. Evid. 702.* The Rules of Evidence do not permit expert testimony as to legal conclusions. *Salas by Salas v. Wang, 846 F.2d 897, 905 n.5 (3d Cir. 1988)*; see *Fed. R. Evid. 704.*

This Court excludes testimony by patent law experts on substantive issues of patent law. (D.I. 70 Ex. C, D); *Revlon Consumer Prods. Corp. v. L'Oreal S.A., 1997 U.S. Dist. LEXIS 4117, at *9-10 (D. Del. March 26, 1997).* Testimony by Mr. [*4] Voight must therefore be restricted to PTO practice and procedures and may not include legal conclusions or substantive issues of patent law.

In response to Defendant's Motion, Plaintiff's expert removed his legal opinions on two-way testing in the Amended Rebuttal Expert Report. (D.I. 74 Ex. A). Plaintiff agrees to refrain from soliciting Mr. Voight's opinion about which test for obviousness-type double-patenting should apply in this case. (D.I. 74 at 7). Despite Plaintiff's assurances, the Court concludes that section "V. Opinions and Basis Therefor," subsection "A. Legal Background for Opinions" of Mr. Voight's report must be stricken because it contains inadmissible legal conclusions. (D.I. 74, Ex. A at 10-11).

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Teva Pharmaceuticals USA, Inc.'s Motion To Preclude The Testimony Of Plaintiff's Patent Law Expert (D.I. 69) is **GRANTED** and section V., sub-section A., of Mr. Voight's "Amended Rebuttal Expert Report" (D.I. 74 Ex. A at 10-11), is stricken.

August 4, 2006

Joseph J. Farnan Jr.

UNITED STATES DISTRICT JUDGE