IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH S. MITCHELL </br></br> Plaintiff, </br></br> v. </br></br> WACHOVIA CORPORATION, t/a WACHOVIA SECURITIES, WACHOVIA SECURITIES, LLC, WACHOVIA SERVICES, INC., WACHOVIA BANK OF DELAWARE, N.A., TODD D. GAUTHIER, LYNN G. MEYER, CAROLYN J. BEAM, and DOROTHY A. DIFEBO, </br></br> Defendants. | ) ) ) ) ) ) Case No. 06-725 (GMS) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANTS' REPLY MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S ECONOMIC EXPERT

P. Clarkson Collins, Jr., (Bar I.D. #739)
pcollins@morrisjames.com
David H. Williams (Bar I.D. #616)
dwilliams@morrisjames.com
James H. McMackin, III (Bar I.D. #4284)
jmcmackin@morrisjames.com

MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

David Bennet Ross (admitted *pro hac vice*)
dross@seyfarth.com
Devjani Mishra (admitted *pro hac vice*)
dmishra@seyfarth.com
Tara Smith Williams (admitted *pro hac vice*)
tawilliams@seyfarth.com

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Dated: April 17, 2008

Attorneys for Defendants

NY1 26510633.1

Defendants, by and through their undersigned counsel, respectfully submit this reply memorandum of law in further support of their motion *in limine* for an order precluding Plaintiff Kenneth Mitchell ("Plaintiff" or "Mitchell") from introducing any evidence or referencing at trial conclusions in the Economic Analysis performed by Robert F. Minnehan, Ph.D., all of which are based, in large part, on Mitchell's self-serving speculations and assumptions of the amount of commissions he should have earned in 2005.

The admission of expert testimony is governed by Federal Rule of Evidence 702, which requires that (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. In turn, admissibility under Fed. R. Evid. 702 is governed by Fed. R. Evid. 104(a). Under that rule, the proponent of expert testimony has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171 (1987). In addition, the Supreme Court's decision in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), sets forth a non-exhaustive checklist for assessing the reliability of expert testimony. These factors are: (1) whether the expert's technique or theory can be or has been tested – that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot be reasonably assessed for reliability; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community. *Id.*, 509 U.S. at 593-96. The "focus, of course, must be solely on principles and methodology, not on the conclusions [the expert] generate[s]." *Id.* at 595.

1

Plaintiff has failed to establish by a preponderance of the evidence that Minnehan's report meets the *Daubert* standard because Minnehan's theory for determining Plaintiff's lost earnings is nothing more than a subjective, conclusory approach that cannot be reasonably assessed for reliability. As stated in Defendants' opening brief, Minnehan relied on a speculative figure of $350,000 provided to him by Mitchell as to what Mitchell expected to earn in 2005. Indeed, plaintiff concedes that this figure is nothing more than an "estimate." *See* Pl. Br. at 3. Plaintiff then claims that Minnehan "reviewed" that figure and regarded it to be "compatible" with Plaintiff's performance in 2003 and 2004, despite it representing a 19% increase over 2004. Notably, in 2003, Plaintiff had been servicing clients of both the Prices Corner and Capitol Trail offices without any complaint, yet did not have commission nearing $350,000. Moreover, in 2004, when Plaintiff worked primarily at the Capitol Trail office, his gross commissions *increased*. Despite these trends, however, Plaintiff would have the court believe that Minnehan's assumption that somehow Mitchell's commissions would have increased by 19% had be been able to continue working at both Prices Corner and Capitol Trail is reliable. Not only is that step of Minnehan's analysis unreliable, but it also defies logic. As such, the court should render Minnehan's testimony inadmissible because, "*any* step that renders the analysis unreliable . . . renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994).

Similarly, several other steps in Minnehan's methodology are unreliable, thus warranting a bar on his report and testimony. For example, Minnehan's purported review of "commissions figures for ten other Wachovia Financial Advisors" is unreasonable. These statistics are both hearsay and irrelevant, and thus unreliable under the Fed. R. Evid. 702 standard. Minnehan does

2

not explain and indeed does not know who these other Financial Advisors are, where they worked and whether they sold financial products similar to those sold by Plaintiff, or any other information that would render them appropriate comparators. Indeed, Plaintiff's opposition fails to provide this information as well. Further, assuming these other Financial Advisors are proper comparators, the figures provided for these other ten Financial Advisors are simply a narrow view at one point in time, and do not justify the projections used, as Minnehan did not consider whether the assumed growth is typical for those ten Financial Advisors as well. In fact, most of the growth projections are pure speculation and unreasonable.

Similarly, without basis, Minnehan assumes that 40% "core deposit growth" for Wachovia General Bank, as reported on a 10-K form, justifies assuming a similar, or any, increase in investments for Wachovia Securities. Contrary to Minnehan's assumption, this correlation has not been proven.

In short, it is highly doubtful that Minnehan's conclusions are "the product of reliable principles and methods" as required by Fed. R. Evid. 702 and *Daubert*, or are "of a type reasonably relied upon by experts in [Minnehan's] field," as required by Fed. R. Evid. 703. Surely these multiple steps that renders Minnehan's analysis unreliable should be fatal to Minnehan's report and testimony. *See Paoli*, 35 F.3d at 745. Further, Minnehan's testimony will not satisfy Fed. R. Evid. 403 because these unfounded assumptions are likely to confuse and mislead the jury. *See Paoli* at 732.

Accordingly, the Court should not admit conclusions from Minnehan's report because it is based on unreliable assumptions and methods, and will confuse the trier of fact.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion *in limine* and preclude Plaintiff from offering economic expert testimony at trial.

MORRIS JAMES LLP

*James H. McMackin, III by Allyson B. James*
_____    DE id. (#4830)
P. Clarkson Collins, Jr. (#739)
pcollins@morrisjames.com
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800

- and -

SEYFARTH SHAW LLP

David Bennet Ross (admitted *pro hac vice*)
Devjani Mishra (admitted *pro hac vice*)
Tara Smith Williams (admitted *pro hac vice*)
620 Eighth Avenue, Suite 3100
New York, NY 10018
(212) 218-5500

Attorneys for Defendants

Dated: April 17, 2008

4

NY1 26510633.1