IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH S. MITCHELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-725 (GMS) |
| | ) | |
| WACHOVIA CORPORATION, t/a | ) | JURY TRIAL DEMANDED |
|     WACHOVIA SECURITIES, | ) | |
| WACHOVIA SECURITIES, L.L.C., | ) | |
| WACHOVIA SERVICES, INC., | ) | |
| WACHOVIA BANK OF DEL, N.A., | ) | |
| TODD D. GAUTHIER, | ) | |
| CAROLYN J. BEAM, and | ) | |
| DOROTHY A. DIFEBO, | ) | |
|     Defendants. | ) | |

PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL

BIGGS AND BATTAGLIA
Victor F. Battaglia, Sr. (Del. Bar #156)
Steven F. Mones (Del. Bar #2611)
921 N. Orange Street
P.O. Box 1489
Wilmington, DE  19899-1489
Tel:  302-655-9677
Fax:  302-655-7924
smones@batlaw.com
Attorneys for Plaintiff

April 30, 2008

Plaintiff Kenneth S. Mitchell moves the Court for a continuance of the trial, scheduled to commence on May 12, 2008, on the following grounds:

Plaintiff, a Financial Advisor employed by the Wachovia defendants, is pursuing claims of race and gender discrimination, and other related claims, under federal and state law.

On the morning of April 29, 2008, the parties engaged in a mediation conference with Judge (ret.) Vincent A. Bifferato, Sr. The parties did not reach a settlement of the claims, and the mediation conference was adjourned at approximately 12:00 p.m.

At approximately 2:00 p.m. on April 29, 2008, plaintiff's counsel was advised by defense counsel that a key witness in the case, Ladan Amini, was leaving the country for a month-long stay in Iran starting the next day. Plaintiff's counsel was advised that Ms. Amini's brother, who resides in Iran, was suffering from a serious medical condition and that Ms. Amini was traveling to be with him.

On April 18, 2008, plaintiff's counsel wrote to defense counsel asking whether Ms. Amini, who is listed as a witness by both sides, would be voluntarily produced for trial testimony, or whether a subpoena would be necessary. Defense counsel responded that Ms. Amini would be produced voluntarily. Copies of counsel's exchange of email messages is attached as Exhibit-1.

Plaintiff regrets the need for this motion, but Ms. Amini is a key witness in the case and the jury should be able to assess her testimony and credibility in person. Ms. Amini's conduct is at the heart of plaintiff's claims, both as to events that occurred in 2003 and later in 2004. Ms. Amini is central to testimony concerning the "9/11 Incident" and other incidents involving conflict with plaintiff. Ms. Amini's testimony also must be weighed in relation to the testimony of the other Wachovia witnesses who will be testifying live at the trial. From plaintiff's

perspective, Ms. Amini may be the most important witness in the case other than plaintiff himself.

Plaintiff further submits that, through no fault of his own, and despite receiving assurance that Ms. Amini would be at trial, he faces real and substantial prejudice through Ms. Amini's absence from the trial. Even if a trial deposition by telephone could be arranged from Iran, reading such testimony into the record would not be the same as live testimony, and it would serve to improperly distinguish Ms. Amini's testimony from all the other fact witnesses.

Ms. Amini is a Wachovia employee, and she has been involved in this litigation, as well as with the underlying facts. Plaintiff respectfully submits that it is inconceivable that Ms. Amini could have planned an international trip lasting one month, to a country that does not even have diplomatic relations with the United States, without anyone at Wachovia being aware of such plans and their impact on the impending trial.

Plaintiff sincerely regrets the need for this motion, but he respectfully submits that the absence from trial of Ms. Amini is so serious that a continuance is warranted. This situation was completely unexpected, and it is out of the control of plaintiff. Plaintiff submits that this request is not motivated by procrastination, bad faith, or bad planning, and that the Court should, therefore, exercise its inherent discretion in favor of granting this request for continuance. *CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*, 357 F.3d 375, 390-391 (3d Cir. 2004). This is the only request for a continuance that has been made during this litigation. Unfortunately, under the circumstances, plaintiff sees no alternative but to request a continuance.

Therefore, plaintiff respectfully requests that the Court grant a continuance of the trial due to the sudden and unforeseen unavailability of Ms. Amini.

                BIGGS AND BATTAGLIA

                /s/ Steven F. Mones
                Steven F. Mones (Del. Bar #2611)
                921 N. Orange Street
                P.O. Box 1489
                Wilmington, DE 19899-1489
                Tel: 302-655-9677
                Fax: 302-655-7924
                smones@batlaw.com
                Attorneys for Plaintiff Kenneth S. Mitchell

April 30, 2008

5

## CERTIFICATE OF SERVICE

I certify that, on this date, one copy of this Notice of Deposition was served, by the methods indicated, on the following individuals:

| | |
|---|---|
| James H. McMackin, III, Esquire<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE  19899<br>   (By E-Filing and facsimile) | Devjani Mishra, Esquire<br>Seyfarth Shaw LLP<br>620 Eighth Avenue<br>New York, NY  10018-1405<br>   (By facsimile) |

/s/   Steven F. Mones
Steven F. Mones (Del. Bar #2611)

April 30, 2008